DEPARTMENT OF REVENUE,
*Plaintiff,*

*v.*

Gary Allen CLARK,
*Defendant.*

(TC 4604)

Gary Allen CLARK,
*Plaintiff,*

*v.*

DEPARTMENT OF REVENUE,
*Defendant.*

(TC 4605)

Gary Allen Clark (taxpayer) filed the Motion to Set Trial Date and Motion for Leave to Amend Complaint *pro se*.

Wendy Sanderson, Assistant Attorney General, Department of Justice, Salem, filed the Motion to Dismiss, Motion for Frivolous Appeal Damages, Motion for Attorney Fees, and Motion for Summary Judgment for the Department of Revenue (the department).

Decision for Department of Revenue rendered October 6, 2003.

**HENRY C. BREITHAUPT, Judge.**

## I. INTRODUCTION

This case involves the 1999 Oregon personal income tax liability of taxpayer. Taxpayer also requests an order reversing certain actions of the Department of Revenue (the department) regarding withholding exemption certificates filed by taxpayer with his employer. Finally, taxpayer challenges an award of $5,000 in damages made against him under ORS 305.437[1] by the magistrate who first heard the

---

[1] All references to the Oregon Revised Statutes (ORS) and Oregon Administrative Rules (OAR) are to 1999. Unless otherwise noted, references to the Internal Revenue Code (IRC) are to the IRC of 1986, as amended.

case. As to those claims, the department filed a Motion to Dismiss; Motion for Frivolous Appeal Damages; and Motion for Attorney Fees.

For its part, the department has, in a separate filing now consolidated, asserted that the magistrate erred in not awarding attorney fees to it under ORS 20.105. On that claim, the department filed a Motion for Summary Judgment.

## II. ANALYSIS

### A. *1999 Tax Liability: Motion to Dismiss*

■ As this court observed on an earlier occasion involving taxpayer, to survive a motion to dismiss, taxpayer must identify an adequate statutory or constitutional basis for his position and allege such facts as may be necessary to bring himself within the legal doctrine he identifies. *Clark v. Dept. of Rev.*, 16 OTR 51 (2002), *aff'd*, 335 Or 419, 69 P3d 718 (2003).[2]

Here, taxpayer claims that some combination of common law, Internal Revenue Code (IRC) section 1341, 42 USC section 1981, and section 23 of the 1939 IRC, allows him a deduction of his "compensation for personal services actually rendered," such that, in calculating his income tax liability, he may deduct the amount of compensation he received.

Taxpayer has no common-law immunity, because his liability for income tax, or exemption therefrom, is entirely a matter of statute. Perhaps that is why taxpayer's claim of common-law immunity has been supported by no citation to Oregon case law.[3]

■ Taxpayer claims that 42 USC section 1981 provides an exemption or deduction from income taxation for his

---

[2] In the earlier case, a purported exemption was at issue. The same rule applies to exclusions from income, deductions, or other statutory provisions relating to income tax liability.

[3] Taxpayer cites *Redfield v. Fisher*, 135 Or 180, 292 P 813 (1930) *reh'g den*, 135 Or 205, 295 P 461 (1931) for the proposition that an individual, unlike a corporation, may not be taxed for the mere privilege of existing. He then extends that statement to encompass the act of earning a living. That extension is erroneous. The court in *Redfield* knew of, and in no way questioned, the then existing Oregon tax on the income of individuals.

wages. The court has reviewed that statute and sees nothing in it that even remotely supports taxpayer's claim. The statute was originally part of post-Civil War reconstruction legislation and is essentially an anti-discrimination statute with no application to substantive tax provisions.

■ Section 23 of the 1939 IRC was the predecessor to what is now IRC section 162. Each statute provides (or provided) a deduction in respect of "compensation for personal services actually rendered." Taxpayer conveniently ignores the fact that the deduction is provided to the *payor* of such compensation, *not the payee*. Taxpayer's attempt to have those statutory provisions apply to the payee of compensation is wholly without merit.[4]

■ IRC section 1341 is a relief provision designed to address the situation where a taxpayer includes income in one year because of an apparent right to such income, and in a later year determines such income was not properly that of taxpayer. In such instances, the statute provides a method for calculating tax liability in the later year if a deduction is allowed in that year. That statute does not apply to taxpayer's situation because he is not claiming a deduction in 1999 for income included in a prior year return to which he was not, in fact, entitled.

Taxpayer has provided no legal basis for his claim with respect to 1999 income tax liability.[5]

## B. *Withholding: Failure to State a Claim*

Taxpayer, again employing limited and selective focus to justify an attractive but unreasonable conclusion, seizes upon the language of ORS 316.167(2), which provides:

---

[4] Taxpayer's resort to section 23 of the 1939 IRC appears to be based on the reference to the 1939 IRC found in section 1341. That reference, however, is not to substantive provisions but only to the rate brackets. Taxpayer in reference to the 1939 IRC also refers to a deduction for "personal labor." The court assumes he means to be consistent with the statutory reference to "personal services."

[5] Taxpayer also attempts to base his claim on actions taken by the federal government on making a tentative refund to him for 1999. Quite apart from the fact that the refund action does not appear to be final, a lack of action by the federal government is not determinative in Oregon. *See Detrick v. Dept. of Rev.*, 311 Or 152, 156, 806 P2d 682 (1991) (the department's power to impose a deficiency assessment is not dependent on the Internal Revenue Service having done so).

> "Except in the case of an agricultural employee, the amount withheld shall be computed on the basis of the total amount of wages and the number of withholding exemptions claimed by the employee, without deduction for any amount withheld."

■ Taxpayer has repeatedly asserted that the statute provides for employee control of the withholding function insofar as it states that withholding is to be based on the "number of withholding exemptions claimed" by the employee. *Id.* Taxpayer ignores, however, the provisions of ORS 316.162(2), which defines the phrase "number of withholding exemptions claimed" as used in ORS 316.162 to 316.212 as meaning:

> "the number of withholding exemptions claimed in a withholding exemption certificate in effect under ORS 316.182, except that if no such certificate is in effect, the number of withholding exemptions claimed is considered to be zero."

For taxpayer's logic to prevail, he had to have an exemption certificate in effect. The facts he has provided indicate he claimed total exemption from withholding. Pursuant to rules promulgated under ORS 316.182, in cases where total exemption from withholding is claimed,[6] the employer is required to submit a copy of the certificate to the department. OAR 150-316.182. That was done here. Under that rule, the department is then permitted to make a change in the withholding certificate based on available information, following which it is required to notify the employer and employee of its actions. *Id.* The rule then provides that the employee "may appeal the action of the department as otherwise provided by law." OAR 150-316.182(5).

■ Those rules promulgated by the department under ORS 316.182 are within the scope of that statute, reasonable and valid. The statute does not specifically delineate rules on treatment of certain withholding certificates. However, the provisions of the department's rule are consistent with the statutory concern expressed in ORS 316.182 and ORS 316.177 that the department be able to avoid, and in some cases punish, employee exemption designations where there

---

[6] A further element, income expected to exceed $200 per week, is clearly satisfied on facts submitted by taxpayer.

is a lack of adequate foundation for a claim of complete exemption or a high number of exemptions.

In the case of taxpayer, his repeated assertions of frivolous positions on the taxability of wages certainly created a proper context for the department to question his certificate.[7] To the extent that certificate was based on the positions he maintained through his initial Complaint in this court, those have been rejected as frivolous. To the extent any certificate claiming total exemption was based on the arguments taxpayer made in his Complaint filed in the Regular Division in this case, they are in this opinion found to be frivolous and without foundation. The simple fact is that, based on the information available to it, the department was completely justified in rejecting the exemption claim. At that point, it perhaps could have considered no certificate to be in effect and could have required withholding based on no withholding exemptions. Instead it permitted withholding based on five or seven exemptions. Taxpayer may not complain as to the substance of those actions.

Further, the valid rules of the department provide that taxpayer may appeal the action of the department in its withholding actions "as otherwise provided by law." OAR 150-316.182(5). ORS 305.275 provides for appeal of department actions, and ORS 305.280(1) requires taxpayer to file a complaint in this court within 90 days of the action appealed. Taxpayer's own materials submitted thus far to the court make clear he did not appeal the withholding actions of the department in a timely fashion. He fails, therefore, to clear both substantive and procedural hurdles in connection with his withholding claims.[8]

## C. *Frivolous Appeal Damages: Motion to Dismiss*

The statutory test for damages is whether taxpayer's position has been instituted or maintained without an objectively reasonable basis for the position asserted. ORS

---

[7] This discussion relates only to taxpayer's particular situation and is not intended to suggest that the department must establish a basis for rejecting any particular withholding certificate.

[8] Of course, if the department had required withholding in excess of ultimate liability, taxpayer would have had a right to a refund with interest from the time of a return filing. ORS 314.415; ORS 316.187.

305.437. Taxpayer instituted his proceeding in this court, at the Magistrate Division, based on positions that had been repeatedly rejected as frivolous. He then shifted his arguments, but maintained this case, both in the Magistrate Division and the Regular Division, on the arguments rejected for the reasons set forth in this opinion. Taxpayer made two claims, one as to basic tax liability for 1999 and the other with respect to withholding. Even if the withholding claim is set aside, the arguments made by taxpayer as to underlying liability are without an objectively reasonable basis. No case or other authority was cited by taxpayer supporting his reading of statutes and the plain language of those statutes does not support taxpayer's positions.[9] Notably, his positions lead to the same conclusion asserted previously in this court and found to be frivolous—that a citizen of Oregon is not liable for Oregon personal income tax on wages. Damages of $5,000 are awarded to the department, to be paid by taxpayer.

D. *Attorney Fees: Motion to Dismiss and Motion for Summary Judgment*

■        The department requested an award of attorney fees in the Magistrate Division based on the provisions of ORS 20.105. The magistrate denied that request and the department renews the request here by way of a Motion for Summary Judgment in TC 4605. A similar claim is made by motion in TC 4604. Without addressing the question of whether the magistrate was required by statute to award attorney fees, the court concludes that the department is entitled to an award of attorney fees under ORS 20.105 with respect to the proceedings in this division and in the Magistrate Division. This court finds that the department is the prevailing party in this matter and that the claims and

---

[9] An objectively reasonable basis for an argument does not exist simply because some statute or statutory language exists. The construction of the statute proposed by taxpayer must be objectively reasonable. At a minimum, an objectively reasonable construction would be supported by prior case law (especially in an area so basic as the taxation of wages) or a plain reading of the statute. In this case, rather than case law supporting taxpayer, there is case law that finds certain positions of taxpayer frivolous. *See Detrick v. Dept. of Rev.*, 311 Or 152, 156, 806 P2d 682 (1991) (The taxpayers' assertion that the department must await action by federal government before issuing assessment entirely devoid of factual or legal support).

grounds for appeal asserted by taxpayer throughout this proceeding, in the Magistrate Division and in the Regular Division, have no objectively reasonable basis. Taxpayer has based his claims on selective reading of statutes without attention to the whole statutory context. He imports to words and statutes his subjective views as to meaning without any support in relevant legal authority or an objectively reasonable construction of words and phrases. His conclusions as to the ultimate issue of the duty of a citizen to pay income tax on wages are the same as those already rejected on many occasions. The only new feature is that the result of no tax liability is achieved by way of a spurious claim of a deduction, rather than by way of a claim for exemption.

### III. CONCLUSION

Article I, section 10, of the Oregon Constitution provides that the courts of Oregon are open. Frivolous use of them comes, however, at a cost. Now, therefore,

IT IS ORDERED that the Department of Revenue's Motion to Dismiss is granted, and

IT IS FURTHER ORDERED that the Department of Revenue is awarded damages in the amount of $5,000, and

IT IS FURTHER ORDERED that the Department of Revenue is awarded attorney fees, and

IT IS FURTHER ORDERED that the Department of Revenue's Motion for Summary Judgment in TC 4605 is denied as moot, and

IT IS FURTHER ORDERED that taxpayer's motion to set trial date is denied as moot, and

IT IS FURTHER ORDERED that taxpayer's motion for leave to amend complaint is denied as moot.