Submitted on the record October 7, 2004, judgment of the Oregon Tax Court affirmed January 27, reconsideration denied March 16, 2005

John E. BURAS,
*Appellant,*

*v.*

DEPARTMENT OF REVENUE,
*Respondent.*

(OTC 4581; SC S51271)

104 P3d 1145

John E. Buras filed the briefs for himself.

Douglas M. Adair, Assistant Attorney General, Salem, filed the brief for respondent. With him on the brief was Hardy Myers, Attorney General.

DURHAM, J.

**DURHAM, J.**

Taxpayer appeals from a judgment that the Oregon Tax Court entered for defendant Department of Revenue (department). The Tax Court rejected taxpayer's claim that his pension income was exempt from state or federal taxation; granted judgment on the pleadings in favor of the department; and ordered taxpayer to pay $1,500 in damages to the department, because the court concluded that taxpayer's arguments were frivolous. *See* ORS 305.437 (authorizing award of damages if taxpayer's position is frivolous). We affirm.

Taxpayer failed to file Oregon personal income tax returns for tax years 1995 through 1999. The department assessed unpaid tax, penalties, and interest. Taxpayer appealed, arguing that his income for the years in question was exempt from Oregon taxation because (1) he had received the income from a source in California, the "Movie Industry Pension Fund," not Oregon; and (2) he was working in Oregon during the 1995-99 period as a lay minister and, in that capacity, he devoted his pension income to the church's ministerial objectives. As noted, the Tax Court determined that taxpayer's argument that those facts relieved him of the duty to file tax returns was frivolous. Taxpayer now appeals the Tax Court's decision to this court. *See* ORS 305.445 (sole remedy for review of Tax Court decision or order is "by appeal to the Supreme Court").

In this court, taxpayer describes at length the nature of his religious beliefs and service. Like the Tax Court, we do not doubt taxpayer's commitment to his religious beliefs and duties as a minister.

Aside from any consideration of the genuineness of taxpayer's religious beliefs, it remains that he has not advanced any viable legal argument to justify his failure to file tax returns for the tax years in dispute. Oregon lawfully taxes pension income that a taxpayer receives in Oregon even though the income originates from a source in another state. *See Simpson v. Dept. of Rev.*, 318 Or 579, 581, 870 P2d 824 (1994) (affirming taxation of retirement benefits originating in Alaska but received in Oregon). Further, none of

the sources of law that taxpayer cites supports his claim that his pension income is exempt from income taxation in Oregon because he chooses to devote that income to the support of his church. Finally, taxpayer advances in this court, but failed to preserve below, a claim that the department and the Internal Revenue Service have conspired to deprive him of his rights under a host of provisions of the United States Constitution. Because taxpayer did not preserve that claim below, we do not consider it.

The judgment of the Oregon Tax Court is affirmed.