IN THE OREGON TAX COURT
REGULAR DIVISION

Daniel Ray BEELER,
*Plaintiff,*

*v.*

DEPARTMENT OF REVENUE,
*Defendant.*

(TC 4746)

Daniel Ray Beeler, Plaintiff (taxpayer) filed a response *pro se.*

Sally L. Kimsey, Assistant Attorney General, Department of Justice, Salem, filed the motion for Defendant (the department).

Decision for Defendant rendered April 5, 2006.

**HENRY C. BREITHAUPT, Judge.**

## I. INTRODUCTION

This case comes before the court on a Motion for Judgment on the Pleadings brought by Defendant (the department).

## II. FACTS

Plaintiff (taxpayer) claimed exemption from withholding on his 2004 Employee's Withholding Allowance Certificate (W-4 Form). He twice circled the words "no tax liability" that appeared on the W-4 Form and wrote the word "exempt" on line seven of the form and the following above his signature: "No gift involved sovern [*sic*] of Washington state without prejudice; UCC 1-207." Pursuant to OAR 150-316.182,[1] taxpayer's employer then sent a copy of taxpayer's W-4 Form to the department; the department instructed taxpayer's employer to withhold tax from taxpayer's paychecks based on a status of single with one dependent allowance. Taxpayer appealed that action to the Magistrate Division, which found for the department. This appeal ensued.

In Taxpayer's Complaint, he alleges that the department's actions under OAR 150-316.182 exceeded its authority, that he was denied due process of law, and that he is entitled to a jury trial. Taxpayer's Complaint makes clear that it "is not about taxes, it is about *Due Process of law.*"[2] (Emphasis in original.) The department moved for judgment on the pleadings under TCR 21 B.[3]

---

[1] All references to the Oregon Administrative Rules (OAR) are to 2003.

[2] That sentiment is repeated in taxpayer's memorandum in response to the department's motion.

[3] In addition to his Complaint, taxpayer filed a response to the department's Answer and ten different documents titled "Mandatory Judicial Notice" requiring the court to take judicial notice of various alleged facts included in attached

"To withstand judgment on the pleadings, a taxpayer must allege the existence of facts that, within an articulated legal position, provide a basis for relief to a taxpayer. For example, where a taxpayer claims that an item of income is exempt or excluded from income, a taxpayer must allege: (1) a legal framework establishing the exemption or exclusion, and (2) facts that, if true, would satisfy the burden of proving the factual elements of the exemption or exclusion."

*Buras v. Dept. of Rev.*, 17 OTR 282, 285 (2004), *aff'd*, 338 Or 12, 104 P3d 1145 (2005). "In ruling on the department's Motion for Judgment on the Pleadings, the court assumes that all of the well-pled facts in taxpayer's complaint are true." *Id.* at 284.[4]

## III.   ISSUE

Is the department entitled to a judgment on the pleadings?

## IV.   ANALYSIS

■■   Taxpayer's contention that the department's actions under OAR 150-316.182 exceeded its authority is based on a citation to *Butz v. Economou*, 438 US 478, 98 S Ct 2894, 57 L Ed 2d 895 (1978): "Any mandate from the IRS to the employer to the effect that the employer 'change' the employee's W-4 Form would be manifestly beyond their authority." That sentence, however, is nowhere to be found in *Butz*. Indeed, a search on LEXIS reveals no judicial opinion or United States law review article containing that sentence.[5] Moreover, this court has already held that OAR 150-316.182 is "within the scope of [ORS 316.182], reasonable and valid." *Dept. of Rev. v. Clark*, 17 OTR 218, 222 (2003). Finally, the

---

affidavits and other documents filed by taxpayer. Those "facts" range from taxpayer's reservation of several rights under the United States Constitution to objections regarding his inability to introduce evidence before trial, most of which have nothing to do with the statements contained in taxpayer's Complaint. To the degree that taxpayer's filings help him withstand the department's motion for judgment on the pleadings, those facts and arguments are contained in this order.

[4] Taxpayer's concerns regarding his inability to introduce evidence outside of trial should be alleviated by that feature of a motion for judgment on the pleadings.

[5] Instead, a search on Google leads to only one source for the quoted text: a November 18, 1980, letter from Donald W. MacPherson, an attorney, to John Fariss, President of the CSRA Patriots, located at http://www.patriotnetwork.info/ W4Program.html. That website is run by the Patriot Network, which purports to "Defend[ ] the U.S. Constitution Through the Tax Freedom Movement." Patriot Network Home, http://www.patriotnetwork.info (last visited Mar 8, 2006). Even then, MacPherson's statement in the letter is misquoted in taxpayer's filings.

department complied with OAR 150-316.182(5)[6] in choosing to change taxpayer's W-4 Form based on the information available to it, which included the statements taxpayer wrote on the form, instead of contacting taxpayer for an explanation of those statements. *See id.* ("[T]he provisions of the department's rule are consistent with the statutory concern expressed in ORS 316.182 and ORS 316.277 that the department be able to avoid, and in some cases punish, employee exemption designations where there is a lack of adequate foundation for a claim of complete exemption or a high number of exemptions."). The court therefore finds taxpayer's argument frivolous. *See* ORS 305.437(2) (defining a frivolous position as one lacking an "objectively reasonable basis").[7]

■■    Taxpayer's contention that he was denied due process of law is similarly rejected. As an initial matter, the United States Supreme Court has held that "it is well established that a State need not provide predeprivation process for the exaction of taxes" in order to comply with the Due Process Clause of the Fourteenth Amendment to the United States Constitution.[8] *McKesson Corp. v. Div. of Alc. Bevs. & Tobacco*, 496 US 18, 37, 110 S Ct 2238, 110 L Ed 2d 17 (1990). *See also Atkins v. Dept. of Rev.*, 320 Or 713, 894 P2d 449 (1995) (holding that Oregon's post-deprivation process for refund of taxes paid does not violate due process). Taxpayer also complains that the magistrate who heard his case was biased against taxpayer and ignored important law, thus violating his oath and exceeding his authority. However, the court finds dispositive a statement from *Curtis v. Dept. of Rev.*, 17 OTR 414, 420 (2004), *aff'd*, 338 Or 579, 112 P3d 330 (2005): "As to the department's procedures, the defects of the type asserted by taxpayer are irrelevant because this court

---

[6]  OAR 150-316.182(5) states:

"If, after receipt of a copy of the certificate, the department makes a written request to the employee for verification of the statements in the certificate, and after 20 days does not receive such verification, the department shall notify the employer in writing of the lack of verification. If the department makes a determination to change the withholding certificate based on available information, the department shall notify the employer and employee in writing of the change. Upon receipt of the notice, the employer shall withhold according to the department's determination."

[7]  All references to the Oregon Revised Statutes (ORS) are to the 2003 edition.

[8]  The Due Process Clause provides: "[n]or shall any State deprive any person of life, liberty, or property, without due process of law."

proceeding affords her a *de novo* proceeding, in which the outcome of her tax liability can be judicially determined, and any shortcomings that occurred during administrative adjudication corrected." Although that statement referred to allegations of improper conduct in administrative proceedings, which were appealed to this court, the court finds the reasoning equally applicable to allegations of improper conduct in Magistrate Division proceedings, which are appealed to the Regular Division, at least where the Magistrate Division proceedings ended in a decision on the merits. *See id.* at 422-23.[9]

■       Finally, the court finds the contention frivolous that taxpayer is entitled to a jury trial on his claims. Although taxpayers are not entitled to jury trials in this court, *see* ORS 305.425(1), taxpayer offers nothing in support of his contention that he is entitled to a jury trial, other than a mere citation to the Seventh Amendment to the United States Constitution.[10] That is not enough to counter this court's holding in *Curtis* that taxpayers have no right to a jury trial in this court, even considering the Seventh Amendment, which has not been held to apply to the states. 17 OTR at 422.

## V.   CONCLUSION

The court concludes that the department is entitled to a judgment on the pleadings and that taxpayer's position is frivolous. Now, therefore,

IT IS ORDERED that Defendant's Motion for Judgment on the Pleadings is granted; and

IT IS FURTHER ORDERED that Plaintiff shall pay Defendant damages in the amount of $1,000.

---

[9] In this case, taxpayer received a decision on the merits from the magistrate. This is not a case where taxpayer's complaint was dismissed by the magistrate on procedural grounds, or where other procedural improprieties precluded taxpayer from obtaining a decision on the merits. The court makes no statement on what effect those facts might have on a claim similar to taxpayer's.

[10] The Seventh Amendment states: "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved * * *."