DECISION
This matter is before the court on Defendant's Motion for Judgment on the Pleadings (motion), filed January 2, 2009. Plaintiff, appearing without counsel and essentially pro se, [1] filed a written response January 5, 2009, objecting to Defendant's motion.
Defendant's request is made pursuant to Tax Court Rule (TCR) 21 B, which provides: "[a]fter the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings." The pleadings in this case are closed.
The appeal involves a request by Plaintiff for property tax exemption for a church parsonage under the provisions of ORS 307.140, and the corresponding administrative rule. In its Complaint, Plaintiff asserts that "the exemption was denied due to improper application of OAR 150.307.140;[2] OAR 150.307.140(4) and ORS 307.140." (Ptf's Compl at 1.) The Complaint sought relief for tax years "1997 to Present." By Order issued November 21, 2008, the court dismissed all but the 2008-09 tax year. *Page 2 
Defendant then filed its Answer, which included the affirmative defense of issue preclusion. Defendant noted that this court previously issued a Decision on the exemption question for an earlier tax year (2002-03), [3] and the exemption applications for that year and the year presently under appeal (2008-09) are not materially different. (Def's Answer at 2, 3.) The court agrees. Additionally, Defendant alleges that there has been no change in the applicable law and "no change in the use of the subject property that would distinguish the present matter from [the earlier] Richmond [decision]." (Id. at 2.) Plaintiff has not disputed that latter assertion (i.e., the lack of a change in use of the property).
While motions for judgment on the pleadings are not generally favored by the courts, the motion is allowed "when the pleadings, taken together, affirmatively show that plaintiff has no cause of action against the defendant or when defendant affirmatively alleges a complete defense which is admitted or not denied by a reply." Scott Payne v.Potomac Ins. Co., 217 Or 323, 330, 341 P2d 1083 (1959). This court has previously stated:
 "To withstand judgment on the pleadings, a taxpayer must allege the existence of facts that, within an articulated legal position, provide a basis for relief to a taxpayer. For example, where a taxpayer claims that an item of income is exempt or excluded from income, a taxpayer must allege: (1) a legal framework establishing the exemption or exclusion, and (2) facts that, if true, would satisfy the burden of proving the factual elements of the exemption or exclusion."
Beeler v. Dept. of Rev., 18 OTR 456, 458 (2006) (citation omitted) (Beeler).
Nowhere in its Complaint to this court has Plaintiff alleged any facts pertaining to the use of the subject property for church purposes. Plaintiff has attached its exemption application for 2008, which states that the property is used for "[t]he church's pastoral family housing." (Ptf's Compl at 19.) Plaintiff's 2002 application (which was the year at issue in the earlier Richmond decision) indicated simply that the home was used as a "parsonage." (Id. at 9.) *Page 3 
This court's rule requires that the Complaint contain "facts showing how the plaintiff is aggrieved by the order, act, omission, or determination; and the grounds upon which the plaintiff contends it should be reversed or modified." Tax Court Rule-Magistrate Division 1 B. Plaintiff has not satisfied that rule, or the standard for surviving a motion for judgment on the pleadings set forth in Beeler, notwithstanding the several written submissions Plaintiff has made to the court since the appeal was filed.
In its response to Defendant's motion, Plaintiff provides its interpretation of the applicable law, and states that the parsonage is reasonably necessary (a requirement of OAR 150-307.140(1)(b)) because "[a] church needs someone to give spiritual direction to the church and the people attending there. It needs a minister/pastor/clergy/leader." (Ptf's Resp at 1, Jan. 2, 2009.) Plaintiff goes on to state that "I don't know of any pastor that doesn't need a place to live." (Id. at 1, 2.) While those statements may be true, they are not sufficient to justify exemption of the pastor's residence. Exemption under ORS 307.140[4]
requires sole use of the property for one of several enumerated qualifying uses, and the administrative rule pertaining to parsonages provides that "[a] parsonage or caretaker residence is considered primarily a residence even though incidental religious use may occur there. A parsonage or caretaker's residence is totally taxable unless it meets the criteria established in OAR 150-307.140." OAR 150-307.140(4)(1). Among the requirements of OAR 150-307.140 is that "the property for which a religious organization claims an exemption must be reasonably necessary to accomplish the religious objectives of that organization." Plaintiff has not alleged facts showing reasonable necessity. Now, therefore, *Page 4 
IT IS THE DECISION OF THIS COURT that Defendant's Motion for Judgment on the Pleadings is granted.
Dated this _____ day of February 2009.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Dan Robinson on February 20,2009. The Court filed and entered this document on February 20, 2009.
[1] Plaintiff is represented by Donald LaFont, the "designated representative of the [church]," who identifies himself in the Authorization to Represent as "Pastor's advisory council member." (Ptf's Compl at 4.) Defendant is represented by Assistant Multnomah County Attorney Jed Tompkins.
[2] The correct citation to the Oregon Administrative Rules (OAR) is OAR 150-307.140; Plaintiff is using a period as opposed to a hyphen after the agency identifier ("150"). All references to the Oregon Administrative Rules (OAR) are 2007.
[3] Richmond Church of God v. Multnomah County Assessor, TC-MD No 021322F (2003) (Richmond).
[4] References to the Oregon Revised Statutes (ORS) are to 2007. *Page 1