IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

ERMA L. GLASGOW,                         )
                                         )
              Plaintiff,                  )    TC-MD 120788N
                                         )
       v.                                )
                                         )
DEPARTMENT OF REVENUE,                   )
State of Oregon,                         )
                                         )
              Defendant.                  )    **DECISION**

Plaintiff filed her Complaint on October 29, 2012, challenging Defendant's

Determination to Change the Withholding Certificate, dated July 31, 2012, and Defendant's

Notices of Determination and Assessment for the 2007, 2008, 2009, and 2010 tax years. (Ptf's

Compl at 5; Ptf's Ltr, Nov 5, 2012, at 1-12.) A case management conference was held on

January 2, 2013. Plaintiff appeared on her own behalf. During that conference, Plaintiff stated

that she had not filed Oregon income tax returns for any of the tax years at issue and she declined

to file her Oregon income tax returns subsequent to the conference. Plaintiff stated that she is

exempt from withholding because she has no income tax liability. The parties agreed to submit

written arguments to the court.

Plaintiff filed written arguments on January 28, 2013. Defendant filed its Response to

Plaintiff's Arguments (Response) on February 26, 2013, including a request for damages under

ORS 305.437(1). Plaintiff filed her written Response to Defendant's Response (Reply) on

March 19, 2013. On March 28, 2013, Plaintiff filed a Motion for Change of Venue (Motion),

asserting that this court lacks jurisdiction over her appeal and requesting a change of venue to the

United States Supreme Court. This matter is now ready for decision.

/ / /

## I. STATEMENT OF FACTS

Plaintiff claims that she is exempt from withholding on her Form W-4. (*See* Ptf's Compl at 5; Def's Answer at 1.) Defendant states that, in accordance with OAR 150-316.182(4)(b), Plaintiff's employer, Albany General Hospital, sent a copy of Plaintiff's Form W-4 to Defendant because Plaintiff's income was "expected to exceed $200 per week for both federal and state purposes." (Def's Answer at 1 (citing OAR 150-316.182(4)(b)).) On July 31, 2012, Defendant issued "a Determination to Change the Withholding Certificate letter * * * to Plaintiff letting her know the W-4 was changed from exempt to single with one (1) allowance." (*Id.*)

Defendant asserts that, during the tax years at issue, "Plaintiff was paid wages from her employer, Albany General Hospital. These wages are to be considered taxable income by both the [] IRS and Oregon (IRC 61, 63, 3401(a), ORS 316.007, 316.022)." (Def's Resp at 3.) Defendant states that "Plaintiff had Oregon taxable income in an amount greater than $200 per week." (*Id.* at 2.) Defendant disagrees that Plaintiff qualifies as exempt from withholding because "Plaintiff has not filed any Oregon income tax returns to show that she had no tax liability for the preceding tax year." (*Id.*)

Plaintiff requests that the "court instruct [] Defendant to contact [her] employer and inform them to return [her] filing status to 'exempt'. " (Ptf's Compl at 3.) Plaintiff further requests that the "court issue an order 'vacating' [] Defendant's claim for relief for failing to provide any evidence in support of their claim." (*Id.*)

## II. ANALYSIS

Plaintiff challenges Defendant's Determination to Change the Withholding Certificate, dated July 31, 2013, as well as Defendant's Notices of Determination and Assessment for the 2007 through 2010 tax years. Plaintiff questions this court's jurisdiction to consider her appeal.

Plaintiff has the burden of proof and must establish her case by a preponderance of the evidence. ORS 305.427. A "[p]reponderance of the evidence means the greater weight of evidence, the more convincing evidence." *Feves v. Dept. of Rev.*, 4 OTR 302, 312 (1971).

A.    *Jurisdiction*

In her Motion, Plaintiff asserts that "[t]his Court erred in accepting this Appeal from the Defendants actions started on July 31, 2012, by acting in excess of its Jurisdiction. * * * A Court cannot assume Jurisdiction if that Jurisdiction has not been bestowed upon it." (Ptf's Mot at 1 (citation omitted).) In Plaintiff's view, jurisdiction lies with the United States Supreme Court. (*Id.* at 2.) Plaintiff requests a change of venue to the United States Supreme Court, citing Article III, Section 2, Clause 2 of the United States Constitution. (*Id.*) Under Plaintiff's interpretation of Article III, Section 2, Clause 2 of the United States Constitution:

> "In all cases affecting --- and those in which the State shall be a Party, the Supreme Court 'Shall' have original Jurisdiction. This Statue (*sic*) expressly places Jurisdiction of this Case in the U.S. Supreme Court, unless this Court cannot conclude that the State of Oregon is a Party."

(*Id.*) The court disagrees with Plaintiff's interpretation of Article III, Section 2, Clause 2 to the United States Constitution.[1] The court finds nothing in Article III, Section 2, Clause 2 to support Plaintiff's Motion for Change of Venue.

ORS 305.410(1) states, in part, that "the tax court shall be the sole, exclusive and final judicial authority for the hearing and determination of all questions of law and fact arising under

---

[1] Article III, Section 2, Clause 2 of the United States Constitution states:

"In all Cases affecting Ambassadors, other public Ministers and Consuls, and those in which a State shall be Party, the supreme Court shall have original Jurisdiction. In all other Cases before mentioned, the supreme Court shall have appellate Jurisdiction, both as to Law and Fact, with such Exceptions, and under such Regulations as the Congress shall make."

the tax laws of this state."[2] In *Sanok v. Grimes*, 294 Or 684, 697, 662 P2d 693 (1983), the

Oregon Supreme Court explained:

> "Our cases set two boundaries. On the one hand, questions which must be resolved in order to decide taxability or the amount of tax do arise under the tax laws. On the other hand, a precondition to taxation does not arise under the tax laws if jurisdiction to decide that precondition has been affirmatively located in another court or if a decision on the precondition has substantial non-tax consequences."

(Citations omitted.) Plaintiff's appeal raises issues of whether Defendant properly changed

Plaintiff's withholding certificate under ORS 316.182 and OAR 150-316.182(5) and of

Plaintiff's taxable income for the 2007 through 2010 tax years. Both are issues that "arise under

the tax laws." Thus, this court has jurisdiction to consider Plaintiff's appeal. Plaintiff's Motion

for Change of Venue is without merit and must be denied.

B.     *Withholding Certificate*

Citing Internal Revenue Code (IRC) section 3402(n),[3] Plaintiff asserts that she is exempt

from withholding because she "had no Tax Liability the preceding year and, expect[ed] to incur

no Tax Liability this year." (Ptf's written arguments at 1.) Plaintiff reasoned that,

> "With the language, and provision of the exempt status Legislator has declared; (A) Wages are Immune from withholding in the 'Absence' of a Tax Liability, and, (B) Wages alone can't be construed as a Tax Liability, if wages alone were a Tax Liability, there could not be no claim of exempt from withholding."

---

[2] All references to the Oregon Revised Statutes (ORS) and Oregon Administrative Rules (OAR) are to 2011.

[3] All references to the IRC are to the 1986 code and updates applicable to 2011. IRC section 3402(n) states:

> "Notwithstanding any other provision of this section, an employer shall not be required to deduct and withhold any tax under this chapter upon a payment of wages to an employee if there is in effect with respect to such payment a withholding exemption certificate (in such form and containing such other information as the Secretary may prescribe) furnished to the employer by the employee certifying that the employee – (1) incurred no liability for income tax imposed under subtitle A for his preceding taxable year, and (2) anticipates that he will incur no liability for income tax imposed under subtitle A for his current taxable year."

(*Id.*) Defendant responds that IRC section 3402(n) "is an exception to * * * withholding requirements." (Def's Resp at 1.) Defendant disagrees that Plaintiff qualifies for the exception in IRC section 3402(n) because "Plaintiff has not filed any Oregon income tax returns to show that she had no tax liability for the preceding tax year." (*Id.* at 2.)

Plaintiff argues that "Defendant [] misconstrued [her] wages to be Taxable income[]" and asserted that "Defendant is not Justified in changing a withholding certificate 'Based on available information' []Where the Department [] has found nothing, but Wages." (Ptf's written arguments at 1, 3.) Plaintiff admitts that wages are taxable, but argues that " 'Wages' are Taxable Income 'ONLY' when in the presence of a Tax Liability, and not merely to be construed a Taxable Income under ORS 316-0371(1)(A) and ORS 316-022(6) * * *." (*Id.* at 5.)

Regarding her failure to file Oregon income tax returns for the 2007 through 2010 tax years, Plaintiff explains:

> "The Oregon Income Tax Return has no provisions for the claim of Exempt, * * * and in the Defendants own words * * * they have no Exempt filing form, therefore the Defendant by their own admission has no way to qualify or disqualify me from exempt from withholding except with a W-4 form which certifies for both State and Federal purposes that I am Exempt from withholding."

(Ptf's Reply at 1.) In Plaintiff's view, "[t]he only proof [she has] to submit is a W-4 form certifying [she is] exempt from withholding for both State and Federal purpose, there is no requirements for an affidavit in support, or minimum or maximum dollar amount to qualify or disqualify." (*Id.*)

ORS 316.182(2) states: "The Department of Revenue may require an exemption certificate to be filed on a form prescribed by the department in any circumstance where the department finds that an exemption certificate filed for purposes of the [IRC] does not properly reflect the number of withholding exemptions allowable under this chapter."

OAR 150-316.182(4) requires an employer to "submit to the department [of revenue] a copy of any withholding certificates which are: * * * (b) [c]ertificates which claim exemption from withholding and the employee's income is expected to exceed $200 per week for both federal and state purposes * * *."  OAR 150-316.182(5) states:

> "If, after receipt of a copy of the certificate, the department makes a written request to the employee for verification of the statements in the certificate, and after 20 days does not receive such verification, the department shall notify the employer in writing of the lack of verification.  If the department makes a determination to change the withholding certificate based on available information, the department shall notify the employer and employee in writing of the change.  Upon receipt of the notice, the employer shall withhold according to the department's determination."

> This court in *Dept. of Rev. v. Clark* (*Clark*), 17 OTR 218, 222 (2003) held that

OAR 150-316.182 is "within the scope of" ORS 316.182 and is "reasonable and valid."

> "[ORS 316.182] does not specifically delineate rules on treatment of certain withholding certificates.  However, the provisions of the department's rule are consistent with the statutory concern expressed in ORS 316.182 and ORS 316.277 that the department be able to avoid, and in some cases punish, employee exemption designations where there is a lack of adequate foundation for a claim of complete exemption or a high number of exemptions."

*Clark*, 17 OTR at 222-223.  The court found the taxpayer's arguments regarding the taxability of wages to be frivolous and concluded that, "[t]o the extent any certificate claiming total exemption was based on [those] arguments * * * they are in this opinion found to be frivolous and without foundation.  The simple fact is that, based on the information available to it, the department was completely justified in rejecting the exemption claim." *Id.* at 223.

Similarly, in *Beeler v. Dept. of Rev.* (*Beeler*), 18 OTR 456, 457 (2006), the taxpayer "claimed exemption from withholding on his 2004 Employee's Withholding Allowance Certificate (W-4 Form) * * * [and] twice circled the words 'no tax liability' that appeared on the W-4 Form * * *."  The Department of Revenue received a copy of the taxpayer's Form W-4 and

"the department instructed taxpayer's employer to withhold tax from taxpayer's paychecks based on a status of single with one dependent allowance." *Id.* The court held that

> "the department complied with OAR 150-316.182(5) in choosing to change taxpayer's W-4 Form based on the information available to it, which included the statements taxpayer wrote on the form, instead of contacting taxpayer for an explanation of those statements."

*Id.* at 458-459. The court found the "[t]axpayer's contention that the department's actions under OAR 150-316.182 exceeded its authority" was "frivolous" under ORS 305.437(2). *Id.*

Plaintiff has failed to offer any evidence that she is exempt from withholding or that Defendant erred when it changed her withholding certificate. To the extent Plaintiff challenges the authority of Defendant "to change [her] withholding certificate based on available information" under OAR 150-316.182(5), Plaintiff's arguments have been fully addressed by this court in *Clark* and *Beeler* and are frivolous.

Plaintiff did not challenge Defendant's contention that she received wages from her employer in 2007, 2008, 2009, and 2010. Yet, Plaintiff failed or refused to file Oregon income tax returns for any of those tax years despite receiving a Notice and Demand to File from Defendant on August 13, 2012. (Ptf's Compl at 7.) During the case management conference held in this matter, Plaintiff again declined to file Oregon income tax returns for those tax years. Plaintiff has offered no evidence in support of her contention that she had no income tax liability in previous years. In essence, Plaintiff argues that she is exempt from withholding because she had no tax liability in previous years and that she had no tax liability in previous years because she is exempt. Plaintiff's argument is circular and lacks an objectively reasonable basis.

C.      *Notices of Determination and Assessment*

Plaintiff challenges Defendant's Notices of Determination and Assessment for the 2007, 2008, 2009, and 2010 tax years.

"If the Department of Revenue is of the opinion that a taxpayer has failed to file a return,

* * * it may require from the taxpayer a return * * *." ORS 314.370.

> "In the case of a failure to file a * * * return on the date prescribed therefore * * *
> the department shall determine the tax according to the best of its information and
> belief, assess the tax plus appropriate penalty and interest, and give written notice
> of the failure to file the * * * return and of the determination and assessment to
> the person required to make the filing."

ORS 305.265(10)(a). As discussed above, Plaintiff failed or refused to file Oregon income tax

returns for the 2007 through 2010 tax years despite receiving a Notice and Demand to File from

Defendant. Plaintiff offered no evidence that Defendant's Notices of Determination and

Assessment are in error for any or all of the 2007 through 2010 tax years.

D.      *Frivolous Appeal Penalty under ORS 305.437*

Defendant seeks damages under ORS 305.437(1). (Def's Resp at 3.)

> "Whenever it appears to the Oregon Tax Court that proceedings before it have
> been instituted or maintained by a taxpayer primarily for delay or that the
> taxpayer's position in such proceeding is frivolous or groundless, a penalty in an
> amount not to exceed $5,000 shall be awarded to the Department of Revenue by
> the Oregon Tax Court in its judgment."

ORS 305.437(1). "A taxpayer's position is 'frivolous' if there was no objectively reasonable

basis for asserting the position." ORS 305.437(2)(a). To determine whether the basis for the

claim was objectively reasonable, the court "assesses whether taxpayer's claims, defenses, or

grounds for appeal were entirely devoid of legal or factual support at the time [they] were made."

*Christenson v. Dept. of Rev.*, 18 OTR 269, 274 (2005) (citation omitted).

This court has, in several cases, addressed Defendant's authority to change a taxpayer's

withholding certificate based on available information under OAR 150-316.182(5). Plaintiff's

argument that she is exempt from withholding because she had no tax liability in previous years

is without merit and lacks an objectively reasonable basis. Although Plaintiff admits that wages

are taxable income, she makes the circular argument that her wages are not taxable because she is exempt and had no tax liability. The court finds that Plaintiff's challenges to Defendant's Determination to Change the Withholding Certificate are objectively unreasonable and frivolous. Given the number of tax years at issue and Plaintiff's continued refusal to file Oregon income tax returns for those years, the court awards Defendant damages of $1,000 under ORS 305.437.

### III. CONCLUSION

After careful consideration, the court concludes that it has jurisdiction to consider this appeal. The court further concludes that Plaintiff's challenges to Defendant's Determination to Change the Withholding Certificate are objectively unreasonable and frivolous. As a result, the court awards damages of $1,000 to Defendant under ORS 305.437. The court finds that Plaintiff offered no evidence that Defendant's Notices of Determination and Assessment are in error for any or all of the 2007 through 2010 tax years. Plaintiff's appeal is denied. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's Motion for Change of Venue is denied and Plaintiff's appeal is denied.

IT IS FURTHER DECIDED that Defendant is awarded damages of $1,000 under ORS 305.437 for Plaintiff's frivolous appeal.

Dated this ___ day of May 2013.

_____
ALLISON R. BOOMER
MAGISTRATE

*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*
*Your Complaint must be submitted within 60 days after the date of the Decision or this Decision becomes final and cannot be changed.*
*This document was signed by Magistrate Allison R. Boomer on May 10, 2013.*
*The Court filed and entered this document on May 10, 2013.*