IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

STACY LYNETTE JAMES,              )
                                  )
            Plaintiff,            )    TC-MD 130561C
                                  )
      v.                          )
                                  )
MULTNOMAH COUNTY ASSESSOR,        )
                                  )
      and                         )
                                  )
DEPARTMENT OF REVENUE             )
State of Oregon,                  )
                                  )
            Defendants.           )    **FINAL DECISION OF DISMISSAL**

The court entered its Decision in the above-entitled matter on February 13, 2014. The court did not receive a request for an award of costs and disbursements (TCR-MD 19) within 14 days after its Decision was entered. The court's Final Decision incorporates its Decision without change.

This matter is before the court on Motions to Dismiss (Motions) filed by both Defendants. The court addressed the Motions with the parties at a telephone case management hearing held February 3, 2014. Plaintiff appeared on her own behalf. Appearing for Defendant Multnomah County Assessor (County) were Jeff Brown and Barry Dayton, appraisers with the assessor's office. Appearing for Defendant Department of Revenue (Department) was Nate Carter, Assistant Attorney General.

Plaintiff appealed to this court seeking a 50 percent reduction in the annual educational component of her property taxes for tax years 2012-13 through 2014-15. (Ptf's Compl at 1.) The Department moved to dismiss on various grounds, but the court will confine its discussion to the single decisive ground warranting dismissal.

FINAL DECISION OF DISMISSAL  TC-MD 130561C                                    1

The Department argues that under Tax Court Rule (TCR) 21 A(8), "a complaint may be dismissed for 'failure to state ultimate facts sufficient to constitute a claim[.]' " (Dept's Mot at 1.) The Department notes that in *Dept. of Rev. v. Clark*, 17 OTR 218, 220 (2003), this court stated that a plaintiff "must identify an adequate statutory or constitutional basis for his position and allege such facts as may be necessary to bring himself within the legal doctrine he identifies[,]" in order to survive a motion to dismiss. (*Id.*)

As the Department notes in its Motion, Plaintiff states in her Complaint that "family's [*sic*] without children deserve a 50% reduction in annual educational taxes." (Dept's Mot at 2; Ptf's Compl at 1.) The court asked Plaintiff at the February 3, 2014, proceeding whether she had any legal basis, statutory, constitutional or otherwise, to support her request. She candidly admitted that she was not relying on any law, but that she had recently experienced financial constraints, that she had no children attending the public school system, and would therefore like her taxes for education reduced; Plaintiff then stated that 50 percent seemed "fair."

The Oregon legislature has provided for the categorization of ad valorem property taxes into three categories, one of which is "[t]axes levied or imposed for the purpose of funding the public school system[.]" ORS 310.150(1)(b).[1] ORS 310.155(1) further clarifies the category of taxes and that are to be levied to fund the public school system. There are certain limitations on the levy of taxes for the public school system imposed by section 11, Article XI of the Oregon Constitution (Measure 5) "as further modified by the property tax laws of this state * * *." ORS 310.210(1)-(2). There is, unquestionably, a tax levied against real property for the public education system.

/ / /

---

[1] The court's references to the Oregon Revised Statutes (ORS) are to 2011 because there are no material differences between the 2011 and 2013 editions.

Nothing in Oregon's statutes, Constitution, or case law provides for the type of relief requested by Plaintiff. That is, there is no governing law in Oregon that allows for a reduction in a person's property taxes because they do not have children attending school and a portion of their property taxes are used to fund the public education system. Plaintiff's request for relief, therefore, has no basis in the law, and her complaint should be dismissed. Now, therefore,

IT IS THE DECISION OF THIS COURT that this matter be dismissed.

Dated this ＿ day of March 2014.

_____
JILL A. TANNER
PRESIDING MAGISTRATE

*If you want to appeal this Final Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within <u>60</u> days after the date of the Final Decision or this Final Decision cannot be changed.*

*This document was signed by Presiding Magistrate Jill A. Tanner on March 4, 2014. The court filed and entered this document on March 4, 2014.*