IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

JANET H. LEE, )
 )
   Plaintiff, ) TC-MD 220384R, 220385R
 v. )
 )
DOUGLAS COUNTY TAX COLLECTOR, ) **CORRECTED ORDER GRANTING**
 ) **DEFENDANT'S MOTION FOR**
   Defendant. ) **JUDGMENT ON THE PLEADINGS**

   This Corrected Order Granting Defendant's Motion for Judgment on the Pleadings is issued in response to Defendant's letter filed on November 28, 2022. In its letter, Defendant asserts that the court cited the wrong version of ORS 311.505 in its original order. Plaintiff did not respond to Defendant's letter. After reviewing the letter, the court agrees with Defendant. Corrections to the order are underlined. The remainder of the order remains unchanged.

   Plaintiff appeals Defendant's denial of a property tax discount, the imposition of interest, and two returned payment fees for the 2021-22 tax year. This matter came before the court on Defendant's Motion for Judgment on the Pleadings (Motion), filed August 23, 2022. During the case management conference held September 8, 2022, Plaintiff agreed to file a response to Defendant's motion by September 22, 2022. Plaintiff filed her letter in response (Response) to Defendant's Motion on September 8, 2022, and an additional letter on September 22, 2022.

## I. STATEMENT OF FACTS

   Plaintiff owns property in Douglas County, Oregon, identified as Accounts R42964 and R54417 (subject property). (Ans at 3.) On November 15, 2021, using Defendant's online electronic payment system, Plaintiff attempted to pay the subject property tax, so that she could take advantage of the statutorily provided three percent discount for paying in full, on or before

/ / /

CORRECTED ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE
PLEADINGS TC-MD 220384R, 220385R             1

November 15. (*See* Compl at 2.) At 7:39 PM on November 15, Plaintiff received an email confirmation of her payment of $3,049. (*Id*. at 3.)[1]

On November 19, 2021, Defendant notified Plaintiff via email that her payment had been returned because the bank account from which she attempted to pay was frozen. (Compl at 4.)[2] That same day, Plaintiff submitted new payments using a different bank account and received an accompanying email confirmation of such payment. (*Id*. at 5.)

Because Plaintiff's November 15, 2021, payment did not go through, she was charged interest. On January 31, 2022, Defendant notified Plaintiff by letter that she had been charged a $25 returned payment fee per account, due to her returned payments on November 15. (Ans at 3.) On April 26, 2022, Defendant mailed Plaintiff two installment notices, each of which indicating that the corresponding tax account had no outstanding interest. (Ptf's Ltr, Sept 22, 2022.) In May of 2022, Defendant again mailed Plaintiff a letter stating that she was ineligible for the discount, that she remained responsible for the two returned payment fees, and charging her interest. (Compl at 2.)

In her complaint, Plaintiff alleged that she called Defendant numerous times between November and December of 2021 and that Defendant told her that she had not been charged any additional fees and that she did not overpay. (Compl at 2.) However, also in her complaint, Plaintiff admitted that the payment "mistake was from the account [she] closed in January 22." (*Id*.)

---

[1] Plaintiff only filed an email confirmation of her $3,049 payment toward tax account R54417 with this court. (Compl at 3.) However, on November 15, 2021, Plaintiff also attempted to submit payment toward tax account R42964. (Ans at 3.) Plaintiff's attempted property tax payments on November 15, 2021, totaled $7,966. (*Id*.)

[2] Plaintiff only filed documentation with this court showing that her payment toward tax account R54417 had been returned. (Compl at 4.) However, Plaintiff's entire November 15, 2021, payment of $7,966 was returned. (Ans at 3.)

## II. ANALYSIS

Although motions for judgment on the pleadings are generally not favored by the courts, such motions may be useful "when the answering party admits all material facts in a pleading and denies only legal conclusions." *Buras v. Dept. of Rev.*, 17 OTR 282, 284 (2004), *aff'd*, 338 Or 12, 104 P3d 1145 (2005). This court has previously stated:

> "To withstand judgment on the pleadings, a taxpayer must allege the existence of facts that, within an articulated legal position, provide a basis for relief to a taxpayer. For example, where a taxpayer claims that an item of income is exempt or excluded from income, a taxpayer must allege: (1) a legal framework establishing the exemption or exclusion, and (2) facts that, if true, would satisfy the burden of proving the factual elements of the exemption or exclusion."

*Beeler v. Dept. of Rev.*, 18 OTR 456, 458 (2006) (internal quotations and citation omitted). In ruling on Defendant's Motion, the court assumes that all of the well-pleaded facts in Plaintiff's complaint are true.[3]

The issues presented are (1) whether Plaintiff is entitled to a property tax discount under ORS 311.505, (2) whether Plaintiff is liable for the returned payment fees, and (3) whether Plaintiff is liable for the accrued interest.[4]

A.    *Discount*

ORS 311.505 states, in pertinent part, that a one-third payment of property taxes owed is due on or before November 15 of each year. ORS 311.505(1). Payments of two-thirds or more, made on or before November 15, are entitled to a discount. ORS 311.505(3). A two-thirds

---

[3] Because Plaintiff did not attach a copy of the document from which she was appealing to her complaint, the court also assumes that the facts alleged in Defendant's Motion, Plaintiff's Response, and Plaintiff's letter dated September 22, 2022, are true for purposes of this order. *See* ORS 305.501(4)(a) ("[A] magistrate is not bound by common law or statutory rules of evidence or by technical or formal rules of procedure, and may conduct the hearing in any manner that will achieve substantial justice").

[4] The court's references to the Oregon Revised Statutes (ORS) are to the 2019 edition, unless otherwise indicated.

payment is entitled to a two percent discount. ORS 311.505(3)(a). Full payments are entitled to a three percent discount. ORS 311.505(3)(b). "There is no statutory requirement that the county assessor or tax collector notify a taxpayer that the deadline to qualify for the three percent discount has passed." *O'Neill v. Multnomah Cty. Assessor*, TC-MD 110957D, WL 851666 at *2 (Or Tax M Div, Mar 13, 2012).

In *Kusuma v. Washington County Assessor*, TC-MD 210022R, WL 100005 at *1 (Or Tax M Div, Jan 11, 2022), the taxpayers attempted to pay the subject property tax online, on November 11, 2020, to take advantage of the three percent discount, but mistakenly entered the tax account number in the bank account number field, so their payment was rejected by the bank on November 18. The taxpayers were not made aware of the failed payment until November 19. *Id*. Among other things, the taxpayers argued that they would have been eligible for the discount but for the defendant's delay in notifying them of the failed payment. *Id*. at *2. Recognizing that "[t]his court has long held it is ultimately the responsibility of the property owner to see that the taxes are paid[,]" the court found that the taxpayers did not meet their burden of proof in establishing that they were eligible for the discount. *Id*. at *4 (internal quotations and citation omitted). The court further noted that even if the defendant had notified the taxpayers earlier of their failed payment, the taxpayers still would not have been eligible for the discount because the defendant's payment processor itself was not notified of the rejection from the taxpayers' bank until November 18—after the discount deadline. *Id*. Finally, the court noted that the taxpayers themselves had the ability to monitor their bank account to see if the funds had been withdrawn. *Id*.

Like in *Kusuma*, Plaintiff's attempted payment on November 15 failed due to her own mistake. That is, as Plaintiff conceded in her complaint, her payment failed because she

attempted to pay from a bank account that was set to be closed in January of 2022. Defendant had no obligation to notify Plaintiff of her failed payment. Plaintiff had the sole responsibility of monitoring her bank account to confirm that the funds had been withdrawn, but she failed to do so. Even had Defendant notified Plaintiff sooner of her failed payment, she still would have been ineligible for the discount because her attempted payment was not confirmed until after business hours on November 15. Defendant would have been unable to notify Plaintiff until November 16 at the earliest, although Defendant likely was not aware itself of the failed payment by that date. *See Kusuma*, WL 100005 at *4 ("[I]t can take between seven and ten days for an [automated clearinghouse] payment initiated on [the Washington County Assessor's] website to be fully processed").

In *Docekal & Moyer LLC v. Clackamas County Assessor*, TC-MD 110863C, WL 1245610 at *1 (Or Tax M Div, Apr 10, 2012), the taxpayer was denied a discount after making a payment of the full amount minus the three percent discount on November 15 because the bank erroneously returned her check. Despite the bank's error, the court upheld the denial of discount finding that the taxpayer "had the duty to ensure that a negotiable instrument was tendered to Defendant by the tax deadline." *Id*. at *3.

During the case management conference held September 8, 2022, Plaintiff indicated that the bank may have erroneously denied her payment. Whether or not the bank erroneously denied Plaintiff's payment, such as in *Docekal*, is an issue beyond the scope of the case presently before the court. Even if the bank erred, Plaintiff had a duty to ensure that her payment was processed in a timely manner. The bank's potential error does not relieve Plaintiff of potential responsibility or liability.

/ / /

The court finds that Plaintiff has not alleged any facts that provide a basis for the requested relief and therefore concludes that Plaintiff was not eligible for a discount on her 2021-22 property tax statement. The court accordingly finds that Plaintiff is liable for each of the returned payment fees associated with her failed payment on November 15, 2021.

B.    *Interest*

The second issue is whether Plaintiff is liable for any accrued interest on her outstanding property taxes for the 2021-22 tax year.

ORS 311.505(2) provides:

"Interest shall be charged and collected on any taxes on property, other charges, and on any additional taxes or penalty imposed for disqualification of property for special assessment or exemption, or installment thereof not paid when due, at the rate of one and one-third percent per month, or fraction of a month until paid."

Because Plaintiff's November 19, 2021, payment was untimely under ORS 311.505(1), interest was charged. *Id*.

ORS 305.145 provides, in pertinent part, that:

"[A] county tax collector shall waive interest on an assessment if the taxpayer has failed to make a timely payment * * * because:

"(a) An employee of the department or of a county tax collector acting in an official capacity, who had knowledge of the necessary facts, misled the taxpayer either by some erroneous factual representation or by a course of dealing or conduct;

"(b) The taxpayer relied on the misleading factual representation or conduct; and

"(c) The taxpayer failed to make a timely payment * * * by reason of the taxpayer's reliance on the information or course of conduct."

ORS 305.145(1)(a)-(c).

Discussing the legislative history of ORS 305.145(1) in *Stancorp Financial Group, Inc. v. Dept. of Rev.*, TC-MD 070881B, WL 3654427 at *10 (Or Tax M Div, Aug

18, 2011), this court previously found that House Bill 2601, which passed in 1987 and created ORS 305.145(1), "was drafted with the express purpose of mirroring the language of estoppel case law" and "was intended to codify estoppel principles for waiver of interest."[5] Thus, this court looks to estoppel case law in determining whether the well-pleaded facts in Plaintiff's complaint, taken as true, provide a basis for relief.

Estoppel may only be granted "when there is proof positive that the collector has misinformed the individual taxpayer." *Johnson v. State Tax Comm'n*, 248 Or 460, 463, 435 P2d 302 (1967). "[T]his court has found such proof in incorrect or misleading documents sent by taxing authorities to the taxpayer." *Webb v. Dept. of Rev.*, 18 OTR 381, 384 (2005). "[T]here are few cases in which an Oregon court has considered oral communication to constitute a part of proof positive." *Pippenger v. Lane Cty. Assessor*, TC-MD 100141D, WL 3264283 at *3 (Or Tax M Div, Aug 19, 2010) (<u>internal quotations and </u>citations omitted). To meet the proof positive standard for oral communications, the taxpayer must provide "detailed memoranda that are written contemporaneously with the communications and that corroborate the taxpayer's recollection of them" or describe "the communications in great detail, including the nature, date, and time of each conversation; the names and relationships to the parties of all those who took part in each conversation; those persons' knowledge of taxpayer's situation and of the relevant law; and the exact statements made as well as their form and intended meaning." *Webb v. Dept. of Rev.*, 19 OTR 20, 26 (2006). "Mere testimony that the government orally

/ / /

___

[5] A taxpayer must prove three elements to succeed on a claim of estoppel: "(1) misleading conduct on the part of the defendant(s); (2) taxpayer's good faith reliance on that conduct; and (3) injury to taxpayer." *Hoyt Street Properties LLC v. Dept. of Rev.*, 18 OTR 313, 318 (2005) (citations omitted).

misguided [the] taxpayer, is generally, by itself, insufficient * * *." *Schellin v. Dept. of Rev.*, 15 OTR 12<u>6</u>, 131 (2000).

Here, Plaintiff alleges that between November and December of 2021, she was misled numerous times over the phone by Defendant to believe that she had received the discount and that she would not be charged any additional fees. Plaintiff raises this allegation in three sentences of her own written testimony and does not offer any additional evidence. As indicated above, Plaintiff's mere testimony is insufficient. In the pleadings, Plaintiff failed to meet her burden of proof by failing to provide detailed memoranda written contemporaneously with the communications or by describing the communications in great detail. Even had Plaintiff met this higher standard, <u>she would remain liable for the interest charged because her November 19, 2021, payment was late before she alleged that the misleading conversations had even taken place. Further,</u> in her own complaint, Plaintiff attached an email payment confirmation from Defendant dated November 19, 2021, that reflected that she still had an outstanding property tax balance of $109. (Compl at 5.) That is, Plaintiff provided evidence indicating that Defendant had expressly informed her, in writing, that she still had an outstanding property tax balance. Defendant's November 2021 notification left Plaintiff with ample time to pay her outstanding balance before <u>additional</u> interest began accruing in May 2022. The court concludes that the facts alleged in Plaintiff's complaint fail to provide a basis for relief from the assessed interest under ORS 305.145.

### III. CONCLUSION

After careful consideration, the court concludes that Plaintiff has not met the burden of proof to show that she was eligible for a discount on her 2021-22 property tax statement. This

court further concludes that Plaintiff has not met her burden of proof to show that she was misled by Defendant. Plaintiff is liable for both returned payment fees and for any accrued interest under ORS 311.505. Now, therefore,

IT IS ORDERED that Defendant's Motion for Judgment on the Pleadings is granted.

Dated this _____ day of December 2022.

_____
RICHARD DAVIS
MAGISTRATE

***This is a <u>dispositive order</u> pursuant to Tax Court Rule – Magistrate Division 16 C(1). The court will issue a decision after waiting 14 days to determine whether there is a dispute about costs and disbursements. Any claim of error in regard to this order should be raised in an appeal of the Magistrate's decision when all issues have been resolved. See TCR-MD 19.***

***This document was signed by Magistrate Richard Davis and entered on December 20, 2022.***