John E. BURAS,
*Plaintiff,*

*v.*

DEPARTMENT OF REVENUE,
*Defendant.*

(TC 4581)

John E. Buras, Plaintiff (taxpayer), filed the Motion for Judgment on Plaintiff's Pleading *pro se.*

Douglas M. Adair, Assistant Attorney General, Department of Justice, Salem, filed the Motion for Judgment on the Pleadings for Defendant (the department).

Decision for Defendant rendered January 26, 2004.

**HENRY C. BREITHAUPT, Judge.**

## I. INTRODUCTION: PROCEDURAL POSTURE

This matter is before the court on a Motion for Judgment on the Pleadings filed November 22, 2002, by Defendant Department of Revenue (the department) and a Motion for Judgment on Plaintiff's Pleading filed by Plaintiff

(taxpayer) February 18, 2003. Taxpayer filed writings with the court suggesting that proceedings in the United States Bankruptcy Court for the District of Oregon might impair the ability of this court to proceed. Taxpayer has recently confirmed that he does not contend any such impairment exists.

The court will consider the submissions by the parties to be cross-motions for judgment on the pleadings.

Oregon Tax Court Rule (TCR) 21 B relating to judgment on the pleadings is identical in its text to Oregon Rules of Civil Procedure (ORCP) 21 B. The case law with respect to motions for judgment on the pleadings establishes that, although such motions are not favored by the courts, they are useful when the answering party admits all material facts in a pleading and denies only legal conclusions. *See Scott & Payne v. Potomac Ins. Co.*, 217 Or 323, 329, 341 P2d 1083 (1959); *Hirsch v. May*, 75 Or 403, 407, 146 P 831 (1915). A motion for judgment on the pleadings is allowable when the pleadings taken together affirmatively show that a party seeking relief has no claim for relief. *Rexius Forest By-Products v. A & R Lumber Sales*, 112 Or App 114, 117, 827 P2d 1359 (1992) (citations omitted). A motion for judgment on the pleadings is never appropriate when the pleadings indicate that an issue of fact remains to be resolved. *Salem Sand v. City of Salem*, 260 Or 630, 636, 492 P2d 271 (1971) (citations omitted). In ruling on the department's Motion for Judgment on the Pleadings, the court assumes that all of the well-pleaded facts in taxpayer's complaint are true.

## II.   HISTORY: FACTS ASSUMED TRUE

Taxpayer originally filed a voluminous complaint in this matter (entitled Motion to Appeal Decision Magistrate Division Entered April 25, 2002). By order dated September 19, 2002, this court granted the department's motion to strike certain portions of that complaint and granted taxpayer leave to file an amended complaint in compliance with TCR 16 B.

Taxpayer filed an amended complaint September 30, 2002. Taxpayer's complaint in the Magistrate Division alleged claims based on Oregon taxation of pension payments

earned in other states. In the amended complaint filed in this division, taxpayer asserted no facts or legal claims related to any defect in the action of the department related to his residency during the years at issue or the nature and amount of his income as pension payments earned outside of Oregon. Taxpayer's amended complaint requests a judgment in his favor "based upon the Plaintiff(s) ministerial duties and membership with a church. Consistent with that claim for relief, the facts alleged by taxpayer relate to his "ministry" and no facts are alleged regarding his Oregon resident status or any other matter that could serve as a basis for relief.

In income tax cases where the department assesses a deficiency, a taxpayer is referred to as a plaintiff in this court. In that posture, the fundamental position of a taxpayer is, however, defensive in nature. Taxpayer is defending against the deficiency assessment. A taxpayer has the burden to ultimately show that the factual basis of the department's assessment is incorrect or that the legal basis of the department's assessment is inadequate. To withstand judgment on the pleadings, a taxpayer must allege the existence of facts that, within an articulated legal position, provide a basis for relief to a taxpayer. For example, where a taxpayer claims that an item of income is exempt or excluded from income, a taxpayer must allege: (1) a legal framework establishing the exemption or exclusion, and (2) facts that, if true, would satisfy the burden of proving the factual elements of the exemption or exclusion.

In reviewing taxpayer's amended complaint, the court will assume the following facts are true and will consider if they serve as the basis for a claim for relief, that is a defense against the tax asserted by the department, in its administrative actions:

1.   Taxpayer has been a minister "with the Church of God since the year 1991."

2.   Taxpayer "is required to support the ministry, through tithe[']s, travel expenditures, donations, auto insurance, his home as a refuge for others."

    3.   The financial source for meeting the requirement listed above is taxpayer's "personal pension" receipts from the "Movie Industry Pension Fund."

    4.   Taxpayer believes his "labor is for the work of God" and all things he does are for the "Lord's profit."

## III. ANALYSIS

Based on his alleged facts, taxpayer asserts he is exempt from Oregon income tax on his pension receipts because he has been a minister in the Church of God since 1991. Taxpayer asserts that portions of Internal Revenue Code (IRC)[1] sections 6033(a)(2)(A)(i), (iii), and 3401(a)(9) provide for this exemption, and that pursuant to ORS 316.007[2] such exempt status carries over for Oregon purposes. ORS 316.007 generally states a legislative intent to make Oregon personal income tax law identical in effect to the provisions of the federal IRC relating to the measurement of taxable income.

■    Even if all of the factual allegations contained in taxpayer's amended complaint and summarized above are true, taxpayer has not identified any legal framework under relevant federal or state law that provides an exemption or exclusion for taxpayer concerning his pension receipts. Taxpayer does not dispute that he received pension payments from the Movie Industry Pension Fund. Those receipts are gross income under IRC section 61 and no federal or state exemption or exclusion exists for such receipts by an individual who is a resident of Oregon.

■    Taxpayer's citation to IRC sections 6033 and 3401(a)(9) of the code do not help him. IRC sections 6033(a)(2)(A)(i) and (iii) provide an exception to the general requirement that *organizations* exempt from tax under IRC section 501(a) file annual returns. From that general requirement, an exemption exists for churches, integrated auxiliaries, conventions or associations of churches, and the exclusively religious activities of any religious order. However,

---

[1] For ease of reference, the Internal Revenue Code (IRC) may be alternatively referred to as "the code."

[2] All reference to the Oregon Revised Statutes (ORS) are to 1995.

taxpayer does not allege he is an organization exempt from taxation under IRC section 501(a). Therefore, all of IRC section 6033, including exceptions to its generally applicable rules, are irrelevant to the return and tax obligations of taxpayer. In any event, IRC section 6033 relates to information reporting and not to exemption from taxation.

■ Taxpayer's attempt to shelter himself under IRC section 3401(a)(9) fares no better. Section 3401(a)(9) of the code exempts from certain income tax withholding requirements remuneration paid to a duly ordained minister of a church for services performed in the exercise of his ministry. The exemption is from wage withholding, not taxation. The amounts in question here, however, are pension payments from the Movie Industry Pension Fund made by reason of taxpayer's past employment in the movie industry. IRC section 3401(a)(9) provides no basis for relief for taxpayer.

■ Taxpayer may or may not be entitled to a deduction if his pension receipts are directed to a church. *See* IRC § 170. The availability of a limited deduction from adjusted gross income for certain contributions to churches does not, however, entitle the recipient of income to exclude that income from gross income. The fact that income is donated to a charity does not render the income exempt from tax or excluded from the definition of gross income. Indeed, if income donated to a charity was exempt or excluded, there would be no need for the deduction provided by section 170 of the code.

Application of income to charitable purposes may result in a tax benefit, but only where the donee is a qualified charity and the donor itemizes deductions. Further, the contribution must then survive the myriad rules of IRC section 170 limiting, reducing, and potentially eliminating the tax benefit of a contribution. Taxpayer has not asserted a right to a deduction. His case is entirely premised on the existence of a complete exclusion or exemption to which he claims he is entitled.

## IV.   CONCLUSION

Taxpayer's amended complaint does not survive the analysis appropriate in response to the department's Motion for Judgment on the Pleadings. Even conceding taxpayer's

allegations regarding the nature and sincerity of his beliefs, he has not plead facts that could entitle him to relief.

Taxpayer has, however, gone forward with his claims after receiving a specific warning that the department would seek damages under ORS 305.437, along with its costs and attorney fees. The court has reviewed the original and amended pleadings of taxpayer and other materials submitted by taxpayer. Those pleadings and materials were loosely organized and contained voluminous citations to a wide range of irrelevant authorities or facts. In essence, taxpayer's amended complaint asserts a position that has no basis in federal or state statutes and raises spurious constitutional arguments patched together with citations taken completely out of context.

█ Taxpayer's statutory claims are based on federal statutes that clearly do not apply. That could have been established with a brief visit to a competent tax attorney. The court finds that taxpayer's position in this matter is frivolous and groundless. Taxpayer shall pay $1,500 in damages pursuant to ORS 305.437.

█ Further, the court finds that taxpayer's claims and grounds for appeal had no objectively reasonable basis. Accordingly, the department is entitled to recover from taxpayer its reasonable attorney fees and cost under ORS 20.105.

As to the conclusions reached under ORS 305.437 and ORS 20.105, the court observes that throughout these proceedings taxpayer has relied upon the advice and writings of Linwood E. Tracy, Jr., who is not an attorney licensed in any state or admitted to practice in this state. Tracy was barred from representing taxpayer but has continued to assist taxpayer in preparing documents filed in this case. Taxpayer has a right to seek assistance where he chooses. However, when a taxpayer has received a warning in the department's pleadings and in hearings that his position, however earnestly held, is suspect, that taxpayer is at substantial risk in proceeding without obtaining competent legal advice. The court has seen no indication that taxpayer sought and followed such advice. He did however permit himself to

be guided by Tracy and persisted in numerous filings, objections, and communications, each of which has required attention by the department and its counsel. Now, therefore,

IT IS ORDERED that Plaintiff's Motion for Judgment on Plaintiff's Pleading is denied, and

IT IS FURTHER ORDERED that Defendant's Motion for Judgment on the Pleadings is granted. Defendant is awarded damages in the amount of $1,500. Attorney fees and costs to Defendant.