IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

MICHAEL E. LYDON, an individual, )
and PATRICIA LYDON, an individual, )
and MIKE LYDON ENTERPRISES INC., )
an Oregon Corporation, )
)
        Plaintiffs, )  TC-MD 170356R
)
    v. )
)
DEPARTMENT OF REVENUE, )
State of Oregon, )
)
)  **ORDER DENYING DEFENDANT'S**
        Defendant. )  **MOTION TO DISMISS**

This matter came before the court on Defendant's Motion to Dismiss (Motion) filed on

February 8, 2018. Plaintiffs filed a response on February 16, 2018. Neither party requested oral

argument on the Motion. Because this case is still in the pre-trial stage "the court assumes that

all of the well-plead facts in taxpayer's complaint are true." *Buras v. Dept. of Revenue*, 17 OTR

282, 284 (2004).

Plaintiffs Michael E. Lydon and Patricia Lydon are individuals appealing Notices of

Deficiency Assessment for the 2012, 2013, and 2014 tax years. (Compl at 1.) Plaintiff Mike

Lydon Enterprises Inc. (MLE) is an Oregon subchapter C corporation appealing a Notice of

Deficiency Assessment for the 2012 and 2013 tax years. *Id*. According to the Complaint,

adjustments to MLE's returns for the 2012 and 2013 tax years passed through to the individual

owners of the corporation and caused Defendant to adjust their individual tax liability for the

2012 through 2014 tax years. Plaintiffs filed a single appeal with one filing fee on

November 6, 2017. On December 21, 2017, a case management conference was held. During

the conference, the court and the parties discussed whether Plaintiffs were required to file a

separate complaint for the individual persons and the corporation. (*See* Journal Entry dated December 29, 2017, at 1.) Plaintiffs did not file an amended complaint and Defendant filed the instant motion to dismiss.

Defendant argues that ORS 305.490[1], ORS 21.135, and Tax Court Rule-Magistrate Division (TCR-MD) 1 A(1)(c) require a filing fee at the time of the complaint and that TCR-MD 1 B requires plaintiffs to state the nature of their "interest and the facts showing how the plaintiff is aggrieved by the determination." (Mot at 1.) It argues that in this case there are "two separate plaintiff's [ ] aggrieved by two separate determinations per tax year, and two separate sets of reasons why the completely separate determinations should be reversed or modified." *Id.* Thus, Defendant argues, two complaints and two filing fees were required. Defendant argues that the corporation case should be dismissed. Plaintiffs argue that Defendant has no legal basis for its Motion, or, in the alternative, that Defendant waived its rights by not asserting its challenge in its first pleading under TCR (Tax Court Rule) 21 A.

The court begins its analysis with the Preface to the Magistrate Rules which states:

"Magistrate Division proceedings are designed to facilitate resolution of the parties' dispute through an informal and easy to use process, while maintaining the respect due a court of law. If circumstances arise that are not covered by a Magistrate Division rule, the rules of the Regular Division may be used as a guide to the extent relevant. * * * * * All pleadings will be liberally construed with a view to substantial justice between the parties."

While TCR-MD 1 A(1)(c) states the requirement that a filing fee must be tendered with the complaint, it does not describe which party or parties may be joined together. Indeed, there is no Magistrate Division rule that discusses joinder of parties. Thus, the court must look to the Regular Division rules. TCR 28 contemplates the issue of joinder. It states:

---

[1] The court's references to the Oregon Revised Statutes (ORS) are to 2015.

"All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action."

Here, Plaintiffs have asserted in their pleadings that Defendant's determinations against Plaintiff MLE are creating tax liability for Plaintiffs Michael E. Lydon and Patricia Lydon, due solely to their ownership of the corporation. Surely in any trial on the issue of the individuals' tax liability, the court would need to hear evidence on the corporate liability which passes through to those individuals. Thus, the court finds that these Plaintiffs have a common series of facts. Additionally, TCR 30 specifically provides that misjoinder of parties is not grounds for dismissal of an appeal.

Liberally construing pleadings, and in light of TCR 28 and TCR 30, the court finds that the Plaintiffs as individuals and as a corporation are properly joined. Because the court finds dismissal is not proper on this basis, it is unnecessary to rule on the timing of Defendant's Motion. Now, therefore,

IT IS ORDERED that Defendant's Motion to Dismiss is denied.

Dated this ___ day of February 2018.

_____
RICHARD DAVIS
MAGISTRATE

*This interim order may not be appealed. Any claim of error in regard to this order should be raised in an appeal of the Magistrate's final written decision when all issues have been resolved. ORS 305.501.*

*This document was signed by Magistrate Richard Davis and entered on February 28, 2018.*