IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

A. EL MANSY,                          )
                                      )
          Plaintiff,                  )     TC-MD 180169R
                                      )
     v.                               )
                                      )
MULTNOMAH COUNTY ASSESSOR,            )
                                      )     **ORDER DISMISSING**
          Defendant.                  )     **ACCOUNT R108705**

This matter came before the court on Defendant's Motion to Dismiss filed on May 18, 2018. Plaintiff filed its response on May 29, 2018. Defendant filed a reply on June 11, 2018, to which Plaintiff filed an additional reply brief on June 28, 2018. Because this case is at the pleadings stage "the court assumes that all of the well-pleaded facts in [the] taxpayer's complaint are true." *Buras v. Dept. of Rev.*, 17 OTR 282, 284 (2004).

## I.   STATEMENT OF FACTS

Plaintiff purchased a home with an adjacent lot in Portland in March 2018, 58 days after the deadline to file an appeal with the Board of Property Tax Appeals (BOPTA). Plaintiff filed an appeal to the Magistrate Division on April 16, 2018, requesting the Real Market Value of the purchased property to be reduced from $1,467,370 to $940,000—a difference of 35.94 percent. The properties in question consist of two tax accounts located adjacent to one another. The first account, R108705, is an unimproved vacant lot. The second account, R108709, contains a house and other related improvements such as patios and yard landscaping. Plaintiff purchased the two accounts as part of a single transaction.

In response to Plaintiff's Complaint, Defendant filed a Motion to Dismiss account R108705 on the grounds that Plaintiff failed to file a timely appeal with BOPTA before filing an

appeal with the Magistrate Division and that Plaintiff has failed to show good and sufficient cause for failing to file an appeal with BOPTA.

## II. ANALYSIS

The first issue before the court: are the two tax accounts a single economic unit, with tax account R108709 supporting R108705, eligible for the 20 percent rule found in ORS 305.288(1)(b)[1]?  The second issue before the court: does purchasing a tax lot after the BOPTA deadline has passed constitute a good and sufficient cause for not timely appealing to BOPTA under ORS 305.288(3), (5)(b)?

Oregon has a structured appeals system for taxpayers to follow when challenging the values assessed on their property.  The first step is to file an appeal with the local county BOPTA by December 31 of the current tax year.  ORS 309.100.  If the taxpayer is aggrieved by the BOPTA order they may appeal to the Tax Court within 30 days of that order.  ORS 305.280(4). If a taxpayer does not timely appeal to BOPTA the court may still consider an appeal under ORS 305.288.  This court has described ORS 305.288 as providing:

> "two additional routes to relief: a taxpayer may allege an error of at least twenty percent in the value of a residential dwelling (the twenty percent error exception), or a taxpayer may, if that taxpayer has no other statutory right of appeal remaining, provide a 'good and sufficient cause,' determined by the court, for the failure to pursue the statutory right of appeal (the good and sufficient cause exception).  If a taxpayer meets the requirements of either exception, the Tax Court may order a change or correction to an assessment or the tax roll. Both exceptions allow the Tax Court to make changes for 'the current tax year and for either of the two tax years immediately preceding the current tax year.' ORS 305.288(1), (3)."

*Zervis v. Dept. of Rev.*, 20 OTR 79, 83 (2010) (footnote omitted).

/ / /

---

[1] The court's references to the Oregon Revised Statutes (ORS) are to 2015.

A. *Single Economic Unit*

Plaintiff contends that the subject property creates one economic unit which meets the criteria established in ORS 305.288, thus allowing him to challenge the county assessor's valuation despite missing deadline to appeal to BOPTA. ORS 305.288(1) provides that even if a taxpayer has not timely appealed from a BOPTA order, the tax court may order a change to the assessment and tax roll if:

> "(a) For the tax year to which the change or correction is applicable, the property was or is *used primarily as a dwelling (or is vacant)* and was and *is a single-family dwelling*, a multifamily dwelling of not more than four units, a condominium unit, a manufactured structure or a floating home."

ORS 305.288(1)(a) (emphasis added).

Plaintiff must show that the property is and was used primarily as a dwelling. Clearly the Complaint shows account R108709, which contains a house and related improvements, meets definition of a single-family dwelling that was used primarily as a dwelling. Tax account R108705, an undeveloped lot, does not by itself meet the definition.

The court in *Cascade Funding Group, LLC v. Deschutes County Assessor*, TC-MD 110206C, 2012 WL 3055569 (Or Tax M Div July 26, 2012) considered whether 20 condominium units designed for recreational vehicle storage should be evaluated separately or as one economic unit. The court explained that although somewhat ambiguous in both statute and case law "the determining factor in deciding whether to appraise tax lots individually or as one economic unit is the concept of highest and best use." *Cascade Funding,* 2012 WL 3055569 at *3. The court further explained that the "[h]ighest and best use of an improved property is the use that is legally permissible, physically possible, appropriately supported, financially feasible, and that results in the highest value." *Id*. (citations omitted).

Applying the test of highest and best use to the case at hand, it is hard to see how an

unimproved vacant lot in a residential neighborhood is the highest and best use of R108705. Despite being adjacent, Plaintiff presents no facts to suggest that R108705 and R108709 are connected in any way that would prevent R108705 from being sold or developed independently from R108709. Indeed, it is plausible to see how R108705 developed independently is legally permissible, physically possible, and financially feasible way to result in the highest value. Plaintiff does not provide evidence to refute that the lots, despite common ownership, are independent parcels of property. Plaintiff contends that because the sale of the two adjacent parcels was one transaction, the parcels should be considered one unit. However, the test is the concept of highest and best use, not adjacent and part of a single transaction. Plaintiff fails to point to any authority that justifies their interpretation.

Plaintiff cites to the language in ORS 310.160 (units of property; description necessary to determine if amount of taxes exceeds 1990 Measure 5 limits) as a definition of how a unit of property is defined. That statute states "the unit of property to be considered shall consist of all contiguous property within a single code area in the county under common ownership that is used and appraised for a single integrated purpose, whether or not that property is taxed as a single account or multiple accounts." ORS 310.160. True, Plaintiff's property is contiguous within a single code area in the county under common ownership; but Plaintiff fails to prove that the property is used for a single integrated purpose. Again, it is difficult to see how an unimproved vacant lot and a developed home are part of single integrated purpose. The court finds that account R108705 does not meet the rule allowing Plaintiff to appeal by alleging a 20 percent error as required in ORS 305.288(1)(b).

/ / /

/ / /

*B.  Good and Sufficient Cause*

Plaintiff next contends that by purchasing the property after the BOPTA deadline had passed Plaintiff has good and sufficient cause.  Plaintiff purchased a home with an adjacent lot in Portland in March of 2018—58 days after the BOPTA deadline to file a property tax appeal.  The test of good and sufficient cause is laid out in ORS 305.288(3),(5)(b):

> "The tax court may order a change or correction applicable to a separate assessment of property to the assessment or tax roll for the current tax year and for either of the two tax years immediately preceding the current tax year if, for the year to which the change or correction is applicable, the assessor or taxpayer has no statutory right of appeal remaining and the tax court determines that good and sufficient cause exists for the failure by the assessor or taxpayer to pursue the statutory right of appeal."

> "Good and sufficient cause:
> (A) Means an extraordinary circumstance that is beyond the control of the taxpayer, or the taxpayer's agent or representative, and that causes the taxpayer, agent or representative to fail to pursue the statutory right of appeal; and
> (B) Does not include inadvertence, oversight, lack of knowledge, hardship or reliance on misleading information provided by any person except an authorized tax official providing the relevant misleading information."

Plaintiff clearly meets the first test: no statutory right of appeal remains available. Plaintiff argues that he purchased the property after the BOPTA deadline and "the new owner has no other recourse than to file these type[s] of appeals to collect the overpayment of the tax." (Ptf's Reply at 2.)  However, Plaintiff has not provided sufficient authority to show that purchasing property after the deadline to appeal to BOPTA is an extraordinary circumstance beyond the control of the taxpayer.  The court in *Zervis* faced the issue of "[w]hen the appealing taxpayer is not the owner of the property for the tax year at issue" which party must show good and sufficient cause for failing to timely pursue the statutory right of appeal.  *Zervis*, 20 OTR at 84.  In that case the court held that the court will look to the prior owner for the "good and sufficient cause." *Id*.  In this case Plaintiff did not present any evidence to demonstrate that the

prior owners of the property had good and sufficient cause for failing to timely appeal to BOPTA. Thus, Plaintiff has not demonstrated a right to relief with respect to account R108705.

### III. CONCLUSION

The court concludes that Plaintiff has no statutory basis for appeal of the 2017-18 tax assessment for account R108705 under ORS 305.275, and their appeal does not meet the requirements of any exception under ORS 305.288. Now, therefore,

IT IS ORDERED that Defendant's Motion to Dismiss is granted with respect to account R108705.

IT IS FURTHER ORDERED that trial on account R108709 will remain as previously scheduled.

Dated this \_\_\_ day of August 2018.

 

RICHARD DAVIS
MAGISTRATE

*This interim order may not be appealed. Any claim of error in regard to this order should be raised in an appeal of the Magistrate's final written decision when all issues have been resolved. ORS 305.501.*

*This document was signed by Magistrate Davis and entered on August 15, 2018.*