IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

THOMAS M. MALETIS, )
)
      Plaintiff, ) TC-MD 180260G
)
  v. )
)
MULTNOMAH COUNTY ASSESSOR, ) **ORDER DENYING DEFENDANT'S**
) **MOTION FOR SUMMARY**
      Defendant. ) **JUDGMENT**

This matter came before the court on Defendant's Motion for Summary Judgment.

The Multnomah County Board of Property Tax Appeals (BOPTA) issued an order

reducing the subject property's 2017–18 tax roll real market value from $3,887,830 to

$2,900,000. (Complaint, Ex A.) The value ordered by BOPTA thus differed from the roll value

by 25.4 percent. Plaintiff then appealed the 2015–16 and 2016–17 real market values to this

court, alleging that the subject property was a single-family residence and that its correct values

were as summarized in the following table:

| Tax Year | Roll RMV | Alleged RMV | Difference |
|----------|----------|-------------|------------|
| 2016–17 | $3,472,850 | $2,590,442 | 25.4% |
| 2015–16 | $3,133,260 | $2,390,148 | 23.7% |

(Complaint, Ex B.) Plaintiff's Complaint stated that his requested reductions were "derived by

reversing Defendant Multnomah County Assessor's real market value trends to the 2017 value

found by [BOPTA]." (Complaint at 2.) At the case management conference, counsel for

Plaintiff stated that market evidence of value would be offered at trial.

ORS 305.288(1) directs this court to order the correction of certain dwellings' values on

the tax rolls for up to two years before the current tax year where "it is asserted in the request and

determined by the tax court that the difference between the real market value of the property for

the tax year and the real market value on the assessment and tax roll for the tax year is equal to or greater than 20 percent." [1]

Here, Defendant argues Plaintiff's Complaint must be dismissed because, although an error exceeding 20 percent is alleged, Plaintiff did not provide evidence sufficient for the court to determine the subject property's real market value. Defendant initially based its motion solely on the pleadings. Defendant then attached to its reply brief a copy of the subject's appraisal cards as evidence of its real market value. Defendant's reply was untimely and Plaintiff did not have an opportunity to respond to the documents submitted then for the first time. Under such circumstances, the court might decline to consider the reply. However, because Defendant has indicated its intent to file similar summary judgment motions in similar cases, it will be instructive to consider both grounds for Defendant's motion.

A lawsuit may progress through up to three stages: pleading, summary judgment, and trial. *See Piazza v. Kellim*, 271 Or App 490, 492, 354 P3d 698 (2015), *aff'd*, 360 Or 58 (2016) (distinguishing pleading stage from "evidentiary stages" of summary judgment and trial).

At the pleading stage, in which only facts alleged in the complaint and answer are considered, "a taxpayer must allege the existence of facts that, within an articulated legal position, provide a basis for relief to a taxpayer." *Buras v. Dept. of Rev.*, 17 OTR 282, 285 (2004), *aff'd*, 338 Or 12, 104 P3d 1145 (2005) (describing standard to withstand motion for judgment on pleadings). A case may remain at the pleading stage although a motion for summary judgment is filed if the motion is based entirely on the pleadings. Such a motion is "functionally equivalent to a motion to dismiss for failure to state a claim or for a judgment on

/ / /

---

[1] The court's references to the Oregon Revised Statutes (ORS) are to 2017.

the pleadings." *Johnson v. Johnson*, 302 Or 382, 388 n 5, 730 P2d 1221 (1986) (quoting 6 Moore, Taggart and Wicker, Moore's Federal Practice § 56.11 (2d ed. 1986)).

A case has reached the summary judgment stage where a motion for summary judgment is filed with supporting documents. At that stage, the opposing party may no longer "rest upon the mere allegations or denials of that party's pleading[.]" TCR 47 D; *Grant County Assessor v. Dayville Public Sch. Dist. 16J*, 20 OTR 240, 245 (2011).[2] The party must set forth documents showing a genuine issue of material fact for trial.[3] TCR 47 D. However, a party need not disclose the opinion of its expert, and if the motion for summary judgment is filed before an adequate period for discovery it may be denied as premature. *See* TCR 47 E, F.

The valuation of property is a fact-intensive process subject to legal constraints. *Hewlett-Packard Co. v. Benton County Assessor*, 357 Or 598, 609, 356 P3d 70 (2015). Where value is the ultimate issue, this court "often resolves fact issues relating to the competing testimony of appraisal experts, including the credibility and persuasiveness of those experts." [4] *Id*. Fact issues may arise regarding "data on the physical property, the real estate market, and larger economic trends," and regarding such data's relevance to the property's highest and best use and the approaches to value. *Id*. Because one or more of those issues of fact are usually material, "valuation of property is normally a question of fact precluding summary judgment[.]" *Dept. of Rev. v. U-Haul Co. of Oregon*, 20 OTR 195, 201 (2010), *adh'd to on recons*, 20 OTR 262 (2011)

/ / /

---

[2] Tax Court Rules (TCR)

[3] In the Regular Division, such documents must be attested by affidavit or declaration. TCR 47 D. Magistrates may dispense with that requirement. *See* ORS 305.501(4)(a).

[4] Commentary to Rule 702 of the Oregon Evidence Code, dealing with testimony by experts, states that a "witness qualified as an expert" can be either a credentialed professional or a member of "the large group sometimes called 'skilled' witnesses, such as bankers or landowners testifying to land values."

(determining price paid for stock on summary judgment where parties agreed to rely on stipulated record and court found price could be "definitively and logically determined").

If Defendant's motion for summary judgment is considered independently of the evidence submitted with the reply, this case is still at the pleading stage. At the pleading stage, the question is whether Plaintiff has alleged facts that, if proven, would entitle him to relief under the law. *See Buras*, 17 OTR at 285. Under ORS 305.288(1), this court orders real market value corrections on the tax rolls of certain dwellings for up to two years before the tax year in which the complaint is filed, provided that a 20-percent error is alleged and found. Here, it is undisputed that the subject is a dwelling and Plaintiff has alleged errors in excess of 20 percent for each of the two years prior to the year of the Complaint. If Plaintiff's allegations are proven, he will be entitled to relief. Under *Buras*, the Complaint suffices to withstand a motion for judgment on the pleadings.

Defendant bases an argument to the contrary on *Gans v. Multnomah County Assessor*, TC–MD 091638B, WL 1229215 (Or Tax M Div, Mar 31, 2010). In *Gans*, the court dismissed a complaint seeking relief under ORS 305.288(1) for lack of "substantive proof or justification for the reduction requested" where the taxpayers had derived their requested values from "raw data obtained from an online valuation service." The case was dismissed at the pleading stage even though the taxpayers had alleged an error exceeding 20 percent in a dwelling's tax roll real market value. Defendant here argues that trended roll values are just as insubstantial as "raw data obtained from an online valuation service," and that dismissal is warranted in this case.

The department's argument is not well taken because the disposition of *Gans* was inconsistent with *Buras* and unsupported by legal authority. The pleading stage is not an "evidentiary stage." *See Piazza*, 271 Or App at 492. Requiring proof at the outset of the case—

before discovery—would be inconsistent with the litigation process.[5]  Complaints need not be accompanied by proof of their allegations, nor must "justification for the [value] reduction requested" be provided in or with the pleading.  Because Plaintiff's Complaint alleges facts that would warrant relief if proven at trial, it withstands a motion for summary judgment based on the pleadings.  *See Buras*, 17 OTR at 285.

If Defendant's reply is considered, this case is at the summary judgment stage and the question is whether the documents on file "show that there is no genuine issue as to any material fact and that the moving party is entitled to prevail as a matter of law."  TCR 47 C.  The court views the record in a manner most favorable to the adverse party (Plaintiff) and will deny the motion unless "no objectively reasonable juror could return a verdict for the adverse party on the matter that is the subject of the motion for summary judgment."  *Id*.

Here, the pertinent documentary evidence consists of appraisal cards "that show the mass appraisal valuation results for the Real Market Value for years 2015–16 and 2016–17 certified roll values."  (Turner Decl at 2.)  Plaintiff did not submit documentary evidence of its alleged valuation, although counsel for Plaintiff stated at the case management conference that Plaintiff would submit evidence of market value at trial if necessary.

Defendant's motion for summary judgment is not well taken because the mass appraisal valuation results contained in Defendant's appraisal cards are not such persuasive evidence that "no objectively reasonable juror" could return a verdict for Plaintiff.  To the contrary, it is a "fundamental principle well established in the case law" that, "[a]lthough mass appraisal is a technique that has a role in the general administration of the property tax laws, once litigation

---

[5] County assessors, not being in possession of the property they value, would be particularly disadvantaged by a rule requiring submission of valuation evidence with initial pleadings.

occurs regarding the RMV of any property, the matter is a question of fact to be established in the litigation process." *Freitag v. Dept. of Rev.*, 19 OTR 337, 338 (2007). Defendant has here attempted to end the litigation process by a summary judgment motion supported only by reports of its mass appraisal valuation results. Although Plaintiff must ultimately bear the burden of proof, on summary judgment it is the moving party's responsibility to show that there are no material facts in dispute. *See* TCR 47 C. The value of the subject remains a genuine issue in this case. Now, therefore,

IT IS ORDERED that Defendant's Motion for Summary Judgment is denied.

IT IS FURTHER ORDERED that the parties shall confer and submit a status report proposing next steps for the resolution of this appeal no later than November 16, 2018.

Dated this ___ day of October, 2018.

_____
POUL F. LUNDGREN
MAGISTRATE

***This interim order may not be appealed. Any claim of error in regard to this order should be raised in an appeal of the Magistrate's final written decision when all issues have been resolved. ORS 305.501.***

***This document was signed by Magistrate Lundgren and entered on October 17, 2018.***