IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

JACQUELYN M FIRESTENBERG, )
)
       Plaintiff, ) TC-MD 240512R
)
  v. )
)
DEPARTMENT OF REVENUE, ) **ORDER ON CROSS MOTIONS FOR**
State of Oregon, ) **SUMMARY JUDGMENT AND ON**
) **PLAINTIFF'S MOTION FOR**
      Defendant. ) **JUDGMENT ON THE PLEADINGS**

This matter is before the court on the parties' cross motions for summary judgment.

Plaintiff argues that Defendant's explanation of adjustments in its Notice of Proposed Refund

Adjustment (Notice) was legally defective and, thereby, void. In the alternative, Plaintiff

requests a judgment on the pleadings because she believes that Defendant's Answer is based on a

different rationale than the Notice, thereby obscuring Defendant's true reason for the

adjustments. Defendant argues its Notice was legally adequate and further requests that the court

consider the nature of Plaintiff's claim for relief, the alleged use of an improper return, and the

claim of non-resident alien status. A hearing on the motions was held remotely on October 17,

2024.

After careful review, the court finds the Notice to be valid as it sufficiently explains the

adjustments in the context of Plaintiff's tax return. Any deficiency in the explanation did not

impede Plaintiff's ability to contest the adjustments. Additionally, the court concludes that

Defendant was legally permitted to use a different theory, basis, or further explanation in its

Answer under ORS 305.575[1] and as established by the Oregon Supreme Court in *Capital One*

---

[1] References to the Oregon Revised Statutes (ORS) are to the 2017 version.

*Auto Finance Inc. v Department of Revenue*, 363 Or 441, 423 P3d 80 (2018).  Defendant's other requests would require the court to engage in improper fact finding that cannot occur at the summary judgment stage of a proceeding.

## I.  STATEMENT OF FACTS

The relevant facts for determination of the central legal issue regarding the adequacy of the notice are not in dispute.  Plaintiff filed an untimely Oregon Individual Income Tax Return for Nonresidents, Form 40-N, for the 2019 tax year.  On this return, Plaintiff reported zero wages on lines 7F (federal column) and 7S (Oregon column) and added an asterisk with the notation "see attached disclosure statement."  (Def's MSJ, Ex 7 at 4.)  Plaintiff's attached "Disclosure Statement" stated:

> "An amount of $78,880.18 received as remuneration for labor performed without the United States has been excluded from 'gross income' under 26 C.F.R. § 1.872-2(f), because such remuneration is neither income from sources within the United States, nor income that is 'effectively connected for the taxable year with the conduct of a trade or business in the United States by that individual.'"

(Def's Ex 3 at 1.)

The statement further noted that "a $10,078 overpayment, due to amounts withheld in error (see attached year-end paystub) is claimed on line 72 of the attached 1040NR return."  (*Id.*) The attached paystub dated December 20, 2019, listed Plaintiff's name and mailing address in Portland, Oregon, identified the payor as Kaiser Foundation Health Plan of the Northwest (also with an address in Portland, Oregon), and showed $78,880.18 in gross federal taxable wages and $5,419.94 in Oregon tax withholding.  (Def's MSJ, Ex 5 at 8.)  Plaintiff also included a copy of her federal Nonresident Alien Income Tax Return, showing zero wages, with the same asterisk and disclosure statement as on her Oregon return.  Both tax returns included Plaintiff's Portland, Oregon mailing address.  (*Id.*, Ex 7 at 12.)

On January 19, 2024, Defendant mailed Plaintiff a letter, ID L0310156960, requesting information on her citizenship and the country in which she performed her duties for KFHP of the Northwest. (*Id.*, Ex 4 at 1.) Defendant did not receive a response to this letter. On March 18, 2024, Defendant mailed Plaintiff the Notice for the 2019 tax year. (Compl at 4.)

The Notice proposed a refund adjusted to $131.59, plus $8.63 in interest and stated, "All adjustments have been made in good faith and are not for the purpose of extending the time during which we may assess additional tax." (*Id.*) The Notice identified the adjustments and provided an explanation, in pertinent part, as follows:

| "Line | Description | Original | Adjusted |
|-------|-------------|----------|----------|
| 7F | Wages, salaries, and other pay for work. Include all Forms W-2 | $0.00 | $78,880.00 |
| | The federal column of your Form OR-40-N or Form OR-40-P must match your federal return. (ORS 316.048) | | |
| | * * * * * | | |
| 20F | Total Income. Add lines 7 through 19 | $254.00 | $79,134.00 |
| | We adjustment your total income in the federal column because it must equal lines 7F through 19F. (IRC 61 and ORS 316.048)" | | |

The Notice included instructions that Plaintiff could submit a written objection to the department, request a conference, or appeal to the Oregon Tax Court. Plaintiff opted to appeal directly to the Tax Court.

In her Complaint, Plaintiff argues that Defendant's adjustment to her total income was "arbitrary, with no basis in fact or law," further stating that the adjustment "makes no sense. The adjustment is purportedly made to 'match (my) federal return.' But my federal return has the same amount I reported ($254) not the [amount the] DOR has it adjusted to." (Compl at 1.) In response, Defendant's Answer stated, in part, that "Plaintiff's return was adjusted for Oregon

source income and the refund was reduced * * *." (Ans at 1.) Plaintiff contends that this reason differs from that in the Notice and, thus, judgment should be rendered in favor of Plaintiff.

## II. ANALYSIS

A motion for summary judgment may be granted if there is no genuine issue of material fact and if the moving party is entitled to judgment as a matter of law. Tax Court Rule 47 C; *Habitat for Humanity of the Mid-Willamette Valley v. Dept. of Rev.*, 360 Or 257, 261, 381 P3d 809 (2016). The court must view the evidence and all reasonable inferences from that evidence in the light most favorable to Defendant, as the nonmoving party. *Portfolio Recovery Associates, LLC v. Sanders*, 366 Or 355, 376, 462 P3d 263 (2020). Plaintiff, as the moving party, bears the burden of persuasion by a preponderance of the evidence. ORS 305.427. The court's analysis begins with the sufficiency of Defendant's Notice of Proposed Refund Adjustment, as it forms the foundation of Plaintiff's claims.

A.      *Sufficiency of Defendant's Notice of Proposed Refund Adjustment*

When the department receives a claim for refund, it must either refund the amount or "send to the claimant a notice of any proposed adjustment to the refund claim, stating the basis upon which the adjustment is made." ORS 305.270(3).[2]

Plaintiff argues that Defendant did not provide "any reason" for the adjustment to Line 7F or, alternatively, that the stated reason is nonsensical — the Notice claims Plaintiff's gross income on line 7F must match her federal return, even though Plaintiff reported zero income on both her federal and state returns. Plaintiff further contends that the Notice "fails to

---

[2] Both parties incorrectly cite to ORS 305.265(2), which states the requirements for a Notice of Deficiency: "If the department discovers from an examination or an audit of a report or return or otherwise that a deficiency exists, it shall compute the tax and give notice to the person filing the return of the deficiency and of the department's intention to assess the deficiency[.]" No facts were presented showing that Defendant assessed a deficiency. The concept of "notice" appears to be similar in the two statutes, but not identical.

substantively provide notice to the taxpayer," potentially hindering her ability to contest the adjustment. (Ptf's MSJ at 9.) Finally, Plaintiff asserts that the reference to ORS 316.048 in the Notice is insufficient because it "does not assert that Plaintiff was a resident of this state for 2019." (Ptf's MSJ at 10.)

Defendant argues that the adjustment to Line 7F reflects the department's requirement that the federal column on Form OR-40-N or Form OR-40P must align with Plaintiff's federal taxable income, as determined by the state. This adjustment aligns with information from Plaintiff's W-2 and the pay stub attached to Plaintiff's return.

1. *Meaning of "notice"*

Although neither party identified a precedent specifically defining "notice," the term appears to be one of common usage. "In interpreting a statute, the court's task is to discern the intent of the legislature." *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993) (citing ORS 174.020). Legislative intent is determined first from the text and context of the statute. *Id*. at 611; *State v. Gaines,* 346 Or 160, 171, 206 P3d 1042 (2009). "[W]ords of common usage typically should be given their plain, natural, and ordinary meaning." *PGE*, 317 Or at 611.

Webster's defines "notice" as "warning or intimation of something: ANNOUNCEMENT * * * (4): a communication of intelligence or of a claim or demand often required by statute or contract and prescribing the manner or form of giving it * * *." Wester's Third New Int'l Dictionary 1585 (unabridged ed 2002). Similarly, Black's Law Dictionary defines "notice" as "information, an advice, or written warning, in more or less formal shape, intended to apprise a person of some proceeding in which his interests are involved, or informing him of some fact

/ / /

which it is his right to know and the duty of the notifying party to communicate." Black's Law Dictionary 1210 (Rev 4th ed 1968.)

Plaintiff primarily relies on the Oregon Supreme Court decision in *Preble v. Department of Revenue*, 331 Or 320, 14 P3d 613 (2000), where the court held that a notice of deficiency is invalid if it lacks a certification of good faith as required under ORS 305.265(2)(c). The decision also clarified that deficiency notices that fail to meet the requirements of ORS 305.265 are invalid. Although taxpayers frequently cite to *Preble* for the proposition that imperfect notices are void, neither the Supreme Court nor this court has interpreted *Preble* in that way. In *Brown v. Portland School District No. 1*, 291 Or 77, 628 P2d 1183 (1981), the Supreme Court held that perfection in form is not required as long as the notice achieves its core function. *See also*, *Fresenius Medical Care v. Dept. of Rev.*, TC-MD 230444R, 2024 WL 4647511 (Or Tax M Div, Oct 31, 2024) (validating a notice of deficiency where the notice fulfilled its purpose and did not interfere with effort to appeal). This court interprets *Preble* as establishing that an administrative agency must comply, when the Legislature mandates that it perform a specific action, such as certifying an action was taken in good faith. *Preble* does not mandate perfection as a standard for notices.

In that case, on the subject of notice, the court stated:

"The notice triggers the time for the taxpayer to file written objections to the proposed deficiency. ORS 305.265(5) (1993). Without notice of the reason or the authority for each adjustment, the taxpayer could face significant disadvantages in contesting the proposed deficiency; indeed, the taxpayer might be unable to object at all. Such a 'notice' actually would notify the taxpayer of very little. Because a notice of deficiency is invalid if it does not include the reason or the authority for each adjustment, it also is invalid if it does not include the certificate.

*Id*. at 325.

/ / /

In *Carson v. Department of Revenue*, TC-MD 170296R, 2018 WL 4944956, (Or Tax M Div, Oct 9, 2018), this court held that even a brief or vague notice may still be sufficient if it, in context of back-and-forth communication, apprises the taxpayer of the relevant issues and provides them with enough information to respond. *Carson*, 2018 WL 4944956 at *6.

2.   *Sufficiency of information in the notice*

In determining the sufficiency of a notice, the court considers the clarity, specificity, and the overall adequacy of information provided. *Mullane v. Central Hanover Bank & Trust Co.*, 339 US 306, 314-15, 70 S Ct 652, 94 L Ed 865 (1950). The court also examines the context of Plaintiff's tax return and the Notice. Although the Notice lacks precise language indicating that Defendant treats the gross income on Plaintiff's Form W-2 as Oregon-sourced income and considers Plaintiff a resident of this state, the reasons become intelligible and responsive in context.

Plaintiff's "Disclosure Statement" incorporated into her tax returns states that she is a "nonresident alien" with remuneration sourced from outside, and not connected to, the United States. On that basis, she entered a zero on her return for wages. She alleges her "nonresident alien" status, despite having an Oregon mailing address and a paystub from an employer with an Oregon address. Plaintiff's pay stub showing the figure of $78,880 (cents omitted), along with her "Disclosure Statement," provides context for Defendant's adjustment of the same amount of wages to the federal column. The Notice states "[t]he federal column of your form OR-40-N or Form OR-40-P must match your federal return. (ORS 316.048)." The Notice clearly identifies the income reported by Kaiser Permanente Health Plan of the Northwest and replaces Plaintiff's income figure of zero with $78,880 on the line for wages. The Notice cites ORS 316.048, which is the statute incorporating federal tax income definitions into Oregon law. That statute

mandates that "[t]he entire taxable income of a resident of this state is the federal taxable income of the resident as defined in the law of the United States, with the modifications, additional and subtractions provided in this chapter and other laws of this state applicable to personal income taxation." This text sufficiently communicates that Defendant considers Plaintiff to be a resident of Oregon and subject to taxation in this state. The Notice also sufficiently communicates that the department considers wages paid by Kaiser equals her taxable income in this state.

The Notice provides Plaintiff with sufficient information to pursue further steps, such as filing a written objection, requesting a conference, or appealing to the Tax Court. Plaintiff's disagreement with Defendant's adjustments does not equate to a lack of notice or lack of sufficient information required to understand the basis for the adjustment. With the sufficiency of the Notice established, the court now turns to Plaintiff's motion on the pleadings.

B.      *Plaintiff's Motion on the Pleadings*

A motion for judgment on the pleadings is appropriate only when the pleadings affirmatively show that the opposing party has no claim for relief. *Buras v Dept. of Rev.*, 17 OTR 282 (2004). Such a motion is "never appropriate when the pleadings indicate that an issue of fact remains to be resolved." *Id*. at 284 (citations omitted).

Plaintiff argues that Defendant's Answer presents a different rationale than stated in the Notice and, therefore, judgment should be granted in her favor. However, the court finds that Defendant's Answer merely elaborates on its original position. Even if the Answer could be construed as asserting a different position, ORS 305.575 allows the Tax Court to determine the amount of a deficiency even if based "upon grounds other or different from those asserted by the department[.]" In *Capital One Auto Finance Inc. v Department of Revenue*, 363 Or 441, 423 P3d 80 (2018), the Supreme Court held that the department and the Tax Court may base a tax

deficiency on grounds different from those in the initial notice of deficiency. As long as the notice includes a reason, a reference to authority, and a certification of good faith, any further elaboration during litigation does not invalidate the notice.

C.     *Defendant's Request to Uphold the Notice on the Merits is Premature*

Defendant argues that Plaintiff's real reason for filing the tax return in the manner she did was to sidetrack the proceedings away from her constitutional claim that she is exempt from taxation. Deciding that issue would require the court to make a factual finding that either Plaintiff is a resident of this state or that her income was Oregon sourced. The court cannot make factual findings at this stage of the proceeding. *Buras*, 17 OTR at 284. Thus, Defendant's request to uphold the Notice substantively must be denied.

## III.  CONCLUSION

After careful consideration, the court finds that Defendant's Notice provided Plaintiff with sufficient information to appraise her of the reasons for Defendant's adjustments to her refund request. Additionally, Plaintiff's motion for judgment on the pleadings is unsupported, as Defendant is legally permitted to include additional information or different theories of liability in its Answer. Lastly, Defendant's request to uphold the Notice on the merits is denied as premature. Now, therefore,

IT IS ORDERED that Plaintiff's Motion for Summary Judgement and Motion for Judgment on the Pleadings are denied.

///

///

///

///

IT IS FURTHER ORDERED that Defendant's request in its Motion for Summary

Judgment that the court uphold the Notice on its merits is denied without prejudice.


_____
RICHARD DAVIS
MAGISTRATE


*This interim order may not be appealed.  Any claim of error in regard to this order should be raised in an appeal of the Magistrate's final written decision when all issues have been resolved.  ORS 305.501.*


*This document was signed by Magistrate Richard Davis and entered on November 22, 2024.*

_____