IN THE OREGON TAX COURT
REGULAR DIVISION
Property Tax

DAVID JOHN MEDNANSKY,　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　Plaintiff,　　　　　　　　)　**TC 5465**
　　　　v.　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
DEPARTMENT OF REVENUE,　　　　　　　)
State of Oregon,　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　Defendant,　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　and　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
CURRY COUNTY ASSESSOR,　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)　**ORDER DENYING JUDGMENT ON**
　　　　　　　Defendant-Intervenor.　　　)　**THE PLEADINGS**

This case arises from a dispute over the tax year 2022-23 Real Market Value ("RMV") of Plaintiff's property, Assessor tax account R11007 (the "Subject Property"). Before the court are (1) Plaintiff's January 26, 2026, Motion for Judgement on the Pleadings Directed at Defendant's Answer and Defendant Intervenor's Answer to Plaintiff's Third Amended Complaint and (2) Defendant-Intervenor's (the County's) response filed on January 27, 2026. The County has represented to the court that Defendant "agrees with and joins in" the County's response. (Inv's Resp at 1). The court refers to the County and Defendant collectively as "Defendants."

Plaintiff's motion is governed by Tax Court Rule (TCR) 21 B, which states:

"Motion for Judgment on the Pleadings. After the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings."[1]

As the court stated in *Buras v. Dept. of Rev.*:

"[TCR 21 B] is identical in its text to Oregon Rules of Civil Procedure (ORCP) 21 B. The case law with respect to motions for judgment on the pleadings establishes that, *although such motions are not favored by the courts, they are useful when the answering party admits all material facts in a pleading and denies only legal conclusions. * * * A motion*

---

[1] Unless otherwise stated, references to the TCR are to the 2026 edition.

for judgment on the pleadings is allowable when the pleadings taken together affirmatively show that a party seeking relief has no claim for relief. * * * *A motion for judgment on the pleadings is never appropriate when the pleadings indicate that an issue of fact remains to be resolved.*"

17 OTR 282, 284 (2004) (emphases added), *aff'd on substantive grounds*, 338 Or 12, 104 P3d 1145 (2005).

Plaintiff argues that he is entitled to judgment on the pleadings in his favor because, in their respective answers, Defendants "failed to state a valid legal defense to Plaintiff's Third Amended Complaint" and "there are no material facts to be tried." (Ptf's Mot J Pleadings at 1.) Plaintiff is wrong.

Under TCR 19 A, Defendants were required to state their "defenses to each claim asserted" and to "admit or deny the allegations upon which [Plaintiff] relies." In this case, Plaintiff's "claim" is for an adjustment to the Subject Property's RMV, to $138,844. (*See* Ptf's 3rd Am Compl at 2 ("Assessor must recalculate the RMV on the subject property"); Statement of David Mednansky, Oral Argument, Nov 10, 2025, 10:02 (stating that he seeks RMV of $138,844).) This claim is entirely factual. *See Freitag v. Dept. of Rev.*, 19 OTR 337, 338 (2007) ("This case involved a dispute about the RMV of taxpayers' property. That is a question of fact to which taxpayers bore the burden of proof and the burden of going forward."). Defendants' answers deny Plaintiff's allegations that form the basis of his claim, notably that "the Assessor taxed the property based on a view it could have, not a view it did have," and that "Assessor has been comparing sale amounts of single property sales to the subject property that has been a two-property sale apparently since the 1940's when a partition took place that created a second lot." (Ptf's 3rd Am Compl at ¶¶ 5, 6; *see* County Answer to 3d Am Compl at ¶¶ 5, 6; Def's Answer to 3rd Am Compl at ¶¶ 4, 3.) By denying Plaintiff's factual allegations, Defendants have provided

their defense:  that the roll value must stand.  Nothing in TCR 19 A requires a party to plead a "legal argument" in response to a purely factual claim.

The court concludes that the pleadings show a factual dispute that precludes judgment on the pleadings.  Now, therefore,

IT IS ORDERED that Plaintiff's Motion for Judgement on the Pleadings Directed at Defendant's Answer and Defendant Intervenor's Answer to Plaintiff's Third Amended Complaint is denied.

Dated this 28th day of January, 2026.

1/28/2026 4:30:33 PM

Judge Robert T. Manicke