IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

| | | |
|---|---|---|
| AHMED ADAN, | ) | |
| | ) | |
| Plaintiff, | ) | TC-MD 250623R |
| | ) | |
| v. | ) | |
| | ) | |
| DEPARTMENT OF REVENUE, | ) | |
| State of Oregon, | ) | |
| | ) | |
| Defendant. | ) | **ORDER** |

This matter is before the court on Defendant's Motion for Summary Judgment (Motion).[1] Plaintiff's income tax appeal concerns a claimed credit for the Oregon Kids Credit, ORS 315.273, and the Oregon Earned Income Credit, ORS 315.266, on his 2024 income tax return.[2] Plaintiff asserts he is eligible for the credits based on his care for his two year-old niece. (Compl at 4.) He alleges that his niece and her mother lived with him for more than six months in 2024, and that both he and his niece possess valid Social Security numbers necessary to claim the credits. (*Id.*) Defendant asserts that Plaintiff failed to provide sufficient evidence during its audit and that the child's status does not qualify for the credits. (Def's Mot for Sum J at 3-4.) For the reasons set forth below, the court finds that material issues of fact remain unresolved, and therefore, Defendant's Motion must be denied.

/ / /

---

[1] Following the court's January 15, 2026, Journal Entry, which set a briefing schedule for summary judgment, Plaintiff did not file any motion or arguments. *See* Tax Court Rule – Magistrate Division (TCR-MD) 7 A ("every motion * * * must be made in writing and must state the reasons and authorities for the motion and the relief requested should be accompanied by any necessary declarations, affidavits, or other documentary evidence.") Instead, Plaintiff filed an additional copy of his Complaint, along with copies of his 2024 returns and Oregon Kids Credit Worksheet, without further explanation.

[2] References to the Oregon Revised Statutes (ORS) are to the 2023 version.

A.     *Motion for Summary Judgment Converted to Motion for Judgment on the Pleadings*

Summary judgment is properly granted when "the pleadings, depositions, affidavits, declarations and admissions on file show that there is no genuine issue of material fact and that the moving party is entitled to prevail as a matter of law." Tax Court Rule (TCR) 47 C; TCR-MD 13 B (applying TCR 47). "No genuine issue as to a material fact exists if, based upon the record before the court viewed in a manner most favorable to the adverse party, no objectively reasonable juror could return a verdict for the adverse party * * *." TCR 47 C. That rule also provides that "[t]he adverse party has the burden of producing evidence on any issue raised in the motions as to which the adverse party would have the burden of persuasion at trial. The adverse party may satisfy the burden of producing evidence with an affidavit or declaration * * *." *Id.*

Here, neither party's filings, made according to the court's briefing schedule, provided *evidence* – that is, facts offered via an affidavit or declaration under penalty of perjury – in support or opposition to the motion for summary judgment. Accordingly, the court considers Defendant's Motion as a motion for judgment on the pleadings rather than as a motion for summary judgment supported by evidence. *See Maletis v. Multnomah County Assessor*, TC-MD 180260G, 2018 WL 7247279 (Or Tax M Div, Oct 17, 2018) (observing "a case may remain at the pleadings stage although a motion for summary judgment is filed if the motion is based entirely on the pleadings"); *citing Johnson v. Johnson*, 302 Or 382, 388 n5, 730 P2d 1221 (1986) (noting a motion for summary judgment supported only by the pleadings is functionally equivalent to a motion for failure to state a claim or a motion for judgment on the pleadings). A motion for judgment on the pleadings, pursuant to TCR 21 B,[3] is allowable when "the pleadings

---

[3] As no Magistrate Division rule covers motions for judgment on the pleadings, the rules of the Regular Division may be used as a guide in the Magistrate Division, to the extent relevant. *See* Magistrate Division Rules Preface.

taken together affirmatively show that a party seeking relief has no claim for relief." *Buras v. Dept. of Rev.*, 17 OTR 282, 284 (2004). In ruling on Defendant's Motion, the court assumes that all the well-pleaded facts in Plaintiff's complaint are true. *Id.* The court begins its analysis by summarizing the laws providing for the credits at issue in Plaintiff's tax return.

B.      *Governing Substantive Law*

1.   Oregon Kids Credit

ORS 315.273 sets forth the requirements for the Oregon Kids Credit (OKC). The credit is allowed for each dependent of the taxpayer, as described by IRC section 152(a), who is under six years of age at the close of the tax year, and who is a "qualifying child" as set for in IRC section 152(c). ORS 315.273(1). The IRC section 152(c) requirements for a "qualifying child" include the child's relationship to the taxpayer, age, support, and joint-return elements. The relationship test includes a "a brother, sister, stepbrother, or stepsister of the taxpayer *or a descendant of any such relative*." IRC § 152(c)(2)(B) (emphasis added). When more than one taxpayer may claim the same child, the "tie-breaker" rules in IRC section 152(c)(4) determine which taxpayer is treated as having the qualifying child.

2.   Oregon Earned Income Credit (Oregon EITC)

The Oregon EITC is calculated as a percentage of the federal Earned Income Credit allowed under IRC section 32 for the same tax year. ORS 315.266(1). Eligibility for the Oregon EITC therefore depends, in part, on satisfaction with federal EITC requirements, including qualifying-child status where applicable. ORS 315.266(1); IRC § 32(c)(3).

3.   Department authority to require documentation

ORS 314.425(1) authorizes the department to examine records, take testimony, and require proof material for ascertaining the correctness of any return. That statute governs audit

and examination authority. However, ORS 314.425 does not alter the substantive eligibility standards incorporated by ORS 315.273 and ORS 315.266.

C.    *Analysis*

Defendant argues that Plaintiff is barred from claiming his niece under the federal tie-breaker rule in IRC section 152(c)(4), and that Plaintiff failed to substantiate eligibility during the audit process. Neither ORS 315.273 nor IRC section 152(c) categorically excludes a niece from qualifying-child status. To the contrary, IRC section 152(c)(2)(B) includes within the relationship test a child of the taxpayer's brother or sister. Accordingly, the question is not whether the relationship category is legally barred, but whether the record establishes, without genuine dispute, that Plaintiff fails to satisfy one or more of the qualifying-child elements set out in IRC section 152(c). This includes application of the tie-breaker rules in IRC section 152(c)(4).

Returning to the circumstances necessary for obtaining a judgment on the pleadings, such a motion "is never appropriate when the pleadings indicate that an issue of fact remains to be resolved." *Buras*, 17 OTR at 284 (*citing Salem Sand v. City of Salem*, 260 Or 630, 636, 492 P2d 271 (1971)). Here, the tie-breaker rules in IRC section 152(c)(4) require factual determinations concerning, among other matters, whether another taxpayer qualifies as a parent, whether such parent claimed or could claim the child, the child's period of residence with each potential claimant, and comparative adjusted gross incomes. IRC § 152(c)(4)(A)-(C). Neither party has provided undisputed evidence resolving those factual predicates necessary to permit the application of IRC section 152(c)(4) as a matter of law. Similarly, the residency and support requirements under IRC section 152(c)(1)(B) and (D) require factual determination.

/ / /

Because the Oregon EITC depends on eligibility under IRC section 32, and because qualifying-child status under IRC section 152(c) may be material to the determination, the same unresolved factual issues preclude judgment on the pleadings regarding that credit. *See* ORS 315.266(1); IRC § 32(c)(3).

D. *Conclusion*

Neither party has demonstrated entitlement to judgment as a matter of law under TCR 21 B. Accordingly, Defendant's Motion must be denied. Now, therefore,

IT IS ORDERED that Defendant's Motions for Summary Judgment is denied.

_____
RICHARD D. DAVIS
MAGISTRATE

***This interim order may not be appealed. Any claim of error in regard to this order should be raised in an appeal of the Magistrate's final written decision when all issues have been resolved. ORS 305.501.***

***This document was signed by Magistrate Richard D. Davis and entered on March 6, 2026.***